## Bank *against* Porter.

The protest of a note by a notary public, who is a stockholder in the bank which is a party to the suit, is incompetent evidence to charge an indorser.

ERROR to *Washington* county.

This was a suit by the Monongahela Bank of Brownsville against Andrew Porter and William Griffith, who were indorsers of a note of James Tomlinson.   In order to charge the defendants, it was necessary to prove a protest; and for that purpose, one made by Israel Miller, a notary public, was offered in evidence ; and objected to, on the ground that Mr Miller was a stockholder in the bank.   The court overruled the objection and received the evidence.

*Ewing*, for plaintiff in error, cited, Bank of North America *v.* Wycoff, 4 *Dall.* 151 ; Smith *v.* Bank of Washington, 5 *Serg. & Rawle* 318.

*M'Kennon*, for defendant in error.

PER CURIAM.—In Stewart *v.* Alleson, 6 *Serg. & Rawle* 324, it was held that a protest is competent by force of the act of assembly, though the notary, being called, proved that he had the facts certified by him, from hearsay.   That was going pretty far.   But to hold this protest competent would go much further.   The protest of a notary is his deposition to the truth of the facts contained in it; and his position in the cause is that of a witness deposing under the sanction of an official oath to which no temporal penalty is annexed ; and can it be supposed that the legislature intended to make him competent, when he would not be heard under the sanction of a judicial oath for the violation of which he would be exposed to the pains and penalties of perjury ?   The danger to be apprehended from such competency would be imminent, as the defendant being seldom able, from the nature and circumstances of the case, to disprove the protest but by the notary himself, would have no other resource than the testimony of a witness not only interested against him, but substantially a party to the cause.   Beside, it is not very clear, in such circumstances that the notary could be compelled to testify.   The protest ought to have been excluded.

Judgment reversed, and a *venire de novo* awarded.