THE HERKIMER COUNTY BANK *vs.* Cox and others.

In an action by a *bank* against the *endorsers* of a promissory note, the certificate of the notary of the bank, *if he be a stockholder*, is not admissible in evidence to prove presentment, protest and notice.

THIS was an action of *assumpsit*, tried at the Herkimer circuit in May, 1838, before the Hon. JOHN WILLARD, one of the circuit judges.

The action was against the defendants as *endorsers* of a promissory note. For the purpose of proving a present-ment for payment, protest for non-payment, and notice to the endorsers, the plaintiffs offered in evidence the certificate of *Albert G. Story*, a notary public, who at the time the protest bears date, was the cashier and a *stockholder* of the bank. The defendants objected to the certificate on the ground that the notary was interested at the time the certificate was made. The judge overruled the objection, and the defendants excepted. The jury found for the plaintiffs. The defendants ask for a new trial.

*M. T. Reynolds*, for defendants.

*D. Burwell*, for plaintiff.

*By the Court*, BRONSON, J. Although the language of the statute is general, that the certificate of a notary shall be presumptive evidence of the facts contained in it, Stat. Sess. of 1833, p. 395, § 8, I think it should not be so con-strued as to admit the certificate in a case where the nota-ry, by reason of interest, would be an incompetent witness.* The legislature did not intend to dispense with the necessi-ty of proving a demand and notice, for the purpose of charg-

---

* The section referred to, is as follows : "In all actions at law, the certifi-cate of a notary under his hand and seal of office, of the presentment by him of any promissory note or bill of exchange for acceptance or payment, and of any protest of such bill or note for non-acceptance or non-payment, and of the service of notice thereof on any or all of the parties to such bill of exchange or promissory note, and specifying the mode of giving such notice,

ing an endorser, but only to change the mode of proof. The statute has rendered it unnecessary to call the notary, by giving the same effect to certain facts set forth in his official certificate, as though he had appeared in court, and sworn to those facts. I cannot think that the legislature intended to sanction this secondary evidence in a case where the officer was an incompetent witness at the time he made the certificate. The same question has arisen in Pennsylvania, *Bank* v. *Porter*, 2 Watts, 141, and the certificate was rejected.

New trial granted.

and the reputed place of residence of the party to whom the same was given, and the post-office nearest thereto, shall be presumptive evidence of the facts contained in such certificate ; but *this* section shall not apply to any case in which the defendant shall annex to his plea an affidavit denying the fact of having received notice of non-acceptance or of non-payment of such note or bill."