JAMES DUNDAS, MORDECAI D. LEWIS, SAMUEL W. JONES, ROBERT L. PITTFIELD, AND ROBERT HOWELL, APPELLANTS, v. ANNE HITCHCOCK.

Where a mortgage was executed by a husband, his own name only being used in the body of the instrument, but it was signed by his wife also, who relinquished her

Dundas et al. *v.* Hitchcock. .

right of dower, and made her acknowledgment in an after part of the instrument; and there is sufficient evidence, from an inspection of the whole instrument, to believe that the intention of the parties was to consider the whole paper as forming one assurance, the wife will be barred of her dower, as far as the mortgage is concerned.

Where a statute requires a private examination of the wife, to ascertain that she acts freely, and not by compulsion of her husband, but prescribes no precise form of words to be used in the certificate, it is sufficient if the words of the acknowledgment have the same meaning, and are in substance the same, with those used in the statute.

Where a widow was allowed one year, after probate of her husband's will, to elect whether to take under it or not, and by the will she was sole devisee for herself and children, and before the expiration of the year she released to the mortgagee all her estate, right, and claim to the mortgaged premises, styling herself widow and sole devisee, she cannot afterwards avail herself of her right of election and set up a claim to dower, outside of the will; she is estopped by her deed.

THIS was an appeal from the Circuit Court of the United States for the Southern District of Alabama. There were two cases between the same parties, depending upon the same principles, and only differing as to the property mortgaged. The notice of one will suffice for both.

The plaintiffs in error were the trustees of the Bank of the United States, being the assignees of Cowperthwaite, Dunlap, and Cope, the original trustees.

In July, 1838, Henry Hitchcock, of Mobile, Alabama, came to a settlement of many transactions of loans and discounts with the Bank of the United States, and was found indebted to the amount of six hundred and twenty thousand, five hundred and thirty dollars, and ninety-six cents. ($620,530.96) He gave his bond for this sum, payable in four instalments, and to secure it executed a mortgage, which gave rise to one of the questions in the present suit, the point being whether or not his wife so far joined in the mortgage as to relinquish her right of dower. Her dower in the equity of redemption was not called in question, but was worth nothing.

The mortgage commenced in this way:

" Know all men by these presents that I, Henry Hitchcock, of the city and county of Mobile, in the State of Alabama," &c., &c., and concluded in this way: " Provided, always, and these presents are upon this express condition, that if the said Henry Hitchcock shall well and truly pay to the said Joseph Cowperthwaite, Thomas Dunlap, and Herman Cope, the survivors or survivor of them, the sum of six hundred and twenty thousand five hundred and thirty dollars and ninety-six cents, with eight per cent. interest per annum, from the first day of March, A. D. one thousand eight hundred and thirty-eight, thereon accruing, payable semi-annually, according to the condition of a certain bond by the said Henry Hitchcock given, payable to the said Joseph

22 *

Cowperthwaite, Thomas Dunlap, and Herman Cope, bearing even date with these presents, then these presents shall cease, determine, and be void; otherwise to be and remain in full force and virtue. Given under my hand and seal, this fourteenth day of July, in the year of our Lord one thousand eight hundred and thirty-eight.

H. Hitchcock.<br>Anne Hitchcock.

Signed, sealed, and delivered in the presence of—

And I, Anne Hitchcock, wife of the said Henry Hitchcock, for and in consideration of the sum of one dollar, to me in hand paid by the said Joseph Cowperthwaite, Thomas Dunlap, and Herman Cope, have relinquished, and hereby do relinquish by these presents, all my right and title of dower in and to the above described premises, to the said Joseph Cowperthwaite, Thomas Dunlap, and Herman Cope, the survivors or survivor of them, and to the heirs, executors, and assigns of such survivor, forever.

Witness my hand and seal, this fourteenth day of July, one thousand eight hundred and thirty-eight.

Anne Hitchcock. [seal.]

Attest: Charles A. Marston.

The State of Alabama,
    *Mobile County.*

Personally appeared before me, Charles A. Marston, notary-public in and for said county, the above-named H. Hitchcock, who acknowledged that he signed, sealed, and delivered the foregoing indenture of mortgage to Joseph Cowperthwaite, Thomas Dunlap, and Herman Cope, on the day and year therein mentioned. And also appeared personally before me, Charles A. Marston, Anne Hitchcock, wife of the said H. Hitchcock, who being examined privately and apart from her said husband, acknowledged that she signed, sealed, and delivered the said indenture of mortgage freely, and of her own accord, and without any fear, threats, or compulsion of her said husband.

Given under my hand and seal notarial, this fourteenth day of July, A. D. 1838.

Charles A. Marston.

The first instalment of debt and interest became due in March, 1839, in the life of Hitchcock. He made default in the payment of the first instalment. The Bank of the United States then filed their bill to foreclose the mortgage in the Court of Chancery at Mobile. Hitchcock resisted the payment of the debt

upon the plea of usury. There had been no decision of this suit at the date of Hitchcock's death, which took place on 11th August, 1839.

In August, 1839, Hitchcock made his will, legally authenticated, and devised his property in trust to his wife, for the use of his wife and children, after the payment of certain legacies.

This will was admitted to probate in the Orphans' Court of Mobile county, in August, 1839, but neither letters testamentary nor of administration were issued until February, 1840.

After the death of Hitchcock, his widow, Anne, took possession of the estate, and executed many leases, but never qualified as executrix. James Erwin, her brother, purchased at sheriff's sale, all the right and title of Hitchcock, to a part of the property, for fifty dollars, and procured an attornment from the tenants. This gave rise to a suit which is reported in 4 How. 58.

In February, 1840, sundry negotiations took place between the parties, which eventuated in the execution of the following deeds and releases; viz.:

1. On the 8th of February, 1840, Anne Hitchcock executed a deed to Cowperthwaite, Dunlap, and Cope. It commenced thus: " This indenture, made this eighth day of February, A. D. 1840, by and between Anne Hitchcock, widow and sole devisee of Henry Hitchcock, late of Mobile county, acting under and by virtue of the last will and testament, and the several codicils thereto annexed, of the said Henry Hitchcock, duly proved and of record in the Orphans' Court of Mobile county, of the first part, and Joseph Cowperthwaite, Thomas Dunlap, and Herman Cope, of the city of Philadelphia, and State of Pennsylvania, of the second part, witnesseth: That the party of the first part, for and in consideration of the sum of seven hundred and fifty-three thousand four hundred and fifty-two dollars and twenty-three hundredths dollars, to her well and truly in hand paid, at and before the ensealing and delivery of these presents, by the said parties of the second part, the receipt whereof she doth hereby acknowledge, hath remised, released, conveyed, and forever quitclaimed, and doth by these presents remise, release, convey, and forever quitclaim, unto the said parties of the second part, the survivors and survivor of them, and the heirs, executors, administrators, and assigns of such survivor, all the estate, right, title, interest, use, trust, property, claim and demand whatsoever, at law as well as in equity, in possession as well as in expectancy, of, in, to, or out of all and singular the following described lands and premises; that is to say," &c., &c. Then followed a conveyance of the mortgaged property, leases, and all.

2. On the 10th of February, James Erwin executed a deed to

Cowperthwaite, Dunlap, and Cope for the property which he had bought at sheriff's sale. The consideration was one hundred and fifty thousand dollars, which, it was alleged, was to be appropriated to the payment of other debts of Hitchcock, which were not secured by mortgage.

3. A release by the bank to Anne Hitchcock. This recited the bond, the mortgage, the delivery to the bank, by Anne, of the lands and houses devised to her, and then agreed that the bank should look only to the mortgaged property for the payment of its debt, and should surrender the notes and bills given by Hitchcock to the bank.

After the execution of these deeds, but within a year from the death of her husband; viz., on the 15th August, 1840, Anne refused to qualify as executrix, and repudiated the provisions made for her in the will, and claimed dower in lieu thereof. These papers were filed and recorded in the Orphans' Court of Mobile county; whereupon Isaac H. Erwin was appointed administrator with the will annexed.

In 1840, the bank filed a bill in the Court of Chancery at Mobile, against Isaac H. Erwin, Anne, and her children, which court decided that the property was properly held by the bank under the deeds, and that the defendants should be foreclosed unless the debt and costs were paid by a certain day. This decree was carried by appeal to the Supreme Court of Alabama, and there affirmed at January term, 1845.

On the 23d of April, 1847, Anne Hitchcock filed a bill in the Circuit Court of the United States for the Southern District of Alabama, against the bank, claiming dower in the lands included in the mortgage. The bank answered; evidence was taken, and the judge of the Circuit Court decided that the complainant was entitled to dower, and decreed that it should be set off to her. From this decree the bank appealed to this court.

It was argued by *Mr. Bradley* and *Mr. Campbell*, for the appellants, and by *Mr. Hopkins* and *Mr. Badger*, for the appellee.

The following is an outline of the arguments of the respective counsel.

The counsel for the appellants contended:

1. That the deed of Mrs. Hitchcock, written underneath the deed of her husband, dated of the same date, and which, she says in her answer to the trustees of the Bank of the United States in the chancery suit, was designed as a joining in the mortgage of her husband, was legal, valid, and operative, and that this has been already determined judicially.

The complaint of Mrs. Hitchcock is, that the notary, in de-

scribing the paper acknowledged by her, says that it was the said " Indenture of Mortgage," and that by no construction can these words be held to describe the deed of relinquishment of dower. It is said she did really sign and seal the mortgage with her husband, but she employed no terms of grant in its body; and that her acknowledgment must be confined to the execution of that paper, and to have no relation to the deed immediately following, and signed the same day, and which was present, and held by the notary who took the acknowledgment.

We contend that the mortgage to the bank consisted of the estate of Henry Hitchcock, unembarrassed by the claim for dower, and that there was no misnomer in the designation of the whole instrument, which exhibited the grant of that estate, and the renunciation of the dower claim, " as an indenture of mortgage."

We contend, further, that the acknowledgment certified must be taken to have been of the whole transaction to which Mrs. Hitchcock was a party, and which is contained in the instrument executed by her. Such was the intention of all concerned with it.

Mrs. Hitchcock, in her relinquishment, refers to the deed of her husband four times. She describes herself as the wife of the said Henry Hitchcock; she refers twice to the grantees as the said Cowperthwaite, &c.; she refers to the premises as " the above-described premises." The instrument is of the same date.

The principle of construction applicable, then, to this instrument is that found in Lord Cromwell's case, Coke's R. book 2, 75. " The law will not adjudge by parcels in subversion of the intent and agreement of the parties; but when all acts are done in performance of the original contract and agreement of the parties, the law will judge upon the whole as executed at one and the same time."

Here the execution of the deed and the acknowledgment bear the same date, are on the same paper, and are obviously pursuant to the same contract. " The end of the law is to settle, repose, and make peace between man and man concerning their possessions, and it would be too dangerous a thing to make any construction against the allowance in common assurances; for thereupon would rise infinite contentions, quarrels and suits, which would be inconvenient." Selwyn *v.* Selwyn, 2 Burr. 1131; Vaughan *v.* Atkins, 5 Burr. 2764, 2787. There the court says, " that the several parts and ceremonies necessary to complete a conveyance shall be taken together as one act, and operate from the substantive part of it, by relation."

It is not denied that the manifest intention was that the dower

of Mrs. Hitchcock should not encumber the estate of the mort-gagees. It was designed that the mortgage should cover that estate. When her signature appears on the mortgage, and her acknowledgment is, that she executed the "indenture of mort-gage," what is the interpretation to be put upon her words? Must we not hold that her acknowledgment applies to the papers executed by her, and under which her acknowledgment is certified? Lawrence *v.* Blatchford, 2 Ver. 457; VanHagen *v.* VanRensselaer, 18 Johns. 420, 16 Viner's Abr. 138, Chitty on Contracts, 90.

The same principle of construction has been fully recognized in Alabama. Bradford *v.* Dawson, 2 Ala. R. 203; Hines *v.* Bank of Alabama, 2 Ala. 452, 482; Sewall *v.* Henry, 9 Ala. 24.

For applications of the same principle, see 11 Verm. 221, 15 Verm. 472.

The court would then look to the whole instrument to find what was understood by the acknowledgment made by Mrs. Hitchcock with a view of sustaining the conveyance.

2. We contend that if the question were open, upon the authorities and arguments we have adduced, a similar decision would be proper.

3. We contend that, on the 8th February, 1840, in so far as we are concerned, Mrs. Hitchcock accepted the provisions of her husband's will, and was invested with every right it gave, and divested of every right antagonistic or adverse. That this election appears by the deed to the trustees, and was for a valuable consideration. That she conveyed by that deed every right and estate in the land she had or might derive from the most solemn and authentic acceptance of the terms of the will, and we say that this conclusion legally results from the decree of the Court of Chancery.

4. We contend that, whether the renunciation of Mrs. Hitchcock had been prior or subsequent to the execution of her deed of the 8th of February, the effect of her deed is the same. That the deed operates upon the estates, rights, and claims she then had of every name and nature. That the deed bars an inchoate or unassigned dower estate, as well as an equity of redemption.

It is perfect and all comprehensive, not only as a release and quitclaim but as a conveyance. It purports to transfer rights as well as to discharge claims.

5. We contend that all these claims were properly raised, or might have been raised, in the suit in chancery at Mobile between Mrs. Hitchcock and the plaintiffs in error. That the adjudication in that court covers all the questions of right that are

embraced in this suit, or that they were the appropriate subjects of adjudication then, and waived by her if not legally presented: That the title of the trustees was quieted by that litigation, and ought not to be disturbed.

The counsel then proceeded to argue these points, and cited Drew v. Norbury, 3 Jon. & Lat. 284, to show that where a person had several estates and interest, they all passed under a deed. Sugden on Powers, 82; Hobart, 153; 10 Vesey, 246; Note 7 to Appendix 2 Co. Litt. 800, (Thomas's Coke); and that even supposing that the widow's dower did not pass under the mortgage, and that her deed to the trustees only conveyed her interest under the will, still she could not recover in this suit. That she was estopped by her deed from disputing the validity and binding operation of the will, and from defeating the estate she claimed under it, by holding up a title she might have possessed at the time of her deed in contradiction to that she purports to convey under the will. 1 Metcalf, 180; 8 Ham. 180; 6 East, 105; Carver v. Jackson, 4 Pet. 85, 86; Harding v. Ambler, 3 M. & Wels. 279; 2 Adol. & E. 278; 1 Id. 792; 1 Ired. 566.

Whether, in the absence of any statutory provision, her acts, apart from this deed, would amount to an acceptance of the provisions of the will, will appear from 2 Yeates, 102; 6 Rand. 541; 17 S. & R. 16; 4 H. & M. 23; 3 Yeates, 79; 3 Fairf. 138; 10 Johns. 30.

The counsel for the appellee made, amongst others, the following points:

1. The mortgage is the deed of Henry Hitchcock only. His wife is no party to it. It contains no words of grant from her. Her name is not mentioned in the deed, not even in the clause of attestation. If she signed and sealed the mortgage, such acts would not make it her deed, and would leave her right to dower unimpaired. 4 How. Rep. (U. S.) 241, 242; 9 Mass. Rep. 218; 3 Mason's Cir. Ct. Rep. 347, 349; 16 Ala. Rep. 130; 7 Ohio Rep. 195; 10 Ohio Rep. 305–307; 7 Mass. Rep. 14; 13 Mass. Rep. 223.

2. The certificate of the notary that she acknowledged she signed, sealed, and delivered the indenture of mortgage, gives no effect to the mortgage against her right to dower, because the acknowledgment was of the deed of mortgage, which could not convey her right of dower, as it was not her deed, and contained no grant from her. The interest of a married woman in real estate can be conveyed only by a grant from her in a deed, to which she is a party. The execution of her deed must be acknowledged by her before an officer authorized to receive it, and in the mode prescribed by law. The fact that she made the

acknowledgment and in the legal mode, can be proved only by the certificate thereof made by a proper officer, and the one before whom the acknowledgment was made. 4 How. Rep. (U. S.) 242; 3 Mason's Cir. Ct. Rep. 348, 349; 9 Mass. Rep. 218; 2 Story's Eq. 618, sect. 1391; Macqueen on Husband and Wife, Appendix No. 1, 37, 38; Id. No. 2, 49.

6. The relinquishment, if she had acknowledged the execution of it, would be no bar to her right to dower. The statute law requires such a deed to be made and acknowledged by a wife as would convey her own estate, if her deed included her own land. Such a deed, properly acknowledged, will convey her dower, if her right to dower be her interest in the real estate, included in her deed. Clay's Dig. 155, sect. 27, 28; 7 Mass. Rep. 14, 20; Aik. Dig. 93, sect. 29.

11. The effect of the acts of Mrs. Hitchcock, in taking possession of the mortgaged premises and conveying the equity of redemption, was not an election on her part of the trust made in the will for her benefit. Her possession and conveyance were in effect as trustee for the creditors who were beneficiaries. She did no act, in her individual character, unconnected with the relation of trustee which she bore to others, and secured by her conveyance no benefit for herself. 1 P. Wms. 315, 318; 1 Vesey, Jr. 335; 12 Vesey, 136; 3 Stewart's Rep. 375.

If her acts had evinced her intention to elect the trust intended by the testator for her benefit, they would not bind her, as it does not appear that she then had full knowledge of her rights. 2 Vesey, Jr. 572, 577; 12 Vesey, 151, 152; 2 Johns. Ch. R. 451; 2 Vesey, 367, 371.

The deposition of Cope proves that the deed of Mrs. Hitchcock to the trustees of the bank, and the deed of release from Cope and others to her were delivered at the same time. This is competent evidence. 3 Mason's Circ. Ct. Rep. 348; 15 Pet. 21. They are therefore parts of the same contract, and the release of Cope and others to her was the consideration of her deed to them. 1 Vesey, Sen. 127, 133; 7 B. Monroe's Rep. 345, 347; 2 Wheat. 290, 291, 299. As Mrs. Hitchcock received no consideration in money or in any thing else of value to herself, her dower would not be barred by the deed, if a release of her right to dower were expressly made in the deed, and she had intended to make it. 3 Johns. R. 478, 479–488; 16 Johns. R. 47, 48.

The answer of the appellants in effect admits that the release of the mortgage debt was the consideration of Mrs. Hitchcock's deed to the trustees of the bank.

It is stated in the answer that the sum of one hundred and fifty thousand dollars was paid to Mrs. Hitchcock or her agent,

as a part of the consideration for her release, to be applied to the payment of other debts of her husband. If the whole consideration had been money paid by the bank upon an agreement with Mrs. Hitchcock, that it should be applied by her to the payment of other debts of the mortgagor, it would not enlarge the operation of her release of the equity of redemption, and make it a conveyance also of the dower. 7 Cranch, 34, 35, 46, 47.

Mr. Justice GRIER delivered the opinion of the court.

The respondent, Mrs. Anne Hitchcock, was complainant below, in two bills filed in the Circuit Court of Alabama, claiming her dower in certain property in the city of Mobile, of which her late husband, Henry Hitchcock, was seized in his lifetime, and of which the appellants, as trustees of the United States Bank, were in possession, claiming under a mortgage given by said Henry.

The answer admits the marriage of complainant, and the seizin and death of her husband, and that the appellants hold the property under a deed of mortgage from him; but deny that complainant has any right of dower in the premises.

1st. Because she was a party to the deed of mortgage, and had relinquished her right of dower by her deed duly executed and acknowledged.

2d. That after the death of her husband, the complainant took possession of his property as sole devisee in fee, and surrendered the possession to the mortgagees in satisfaction of the debt, and for a large consideration paid to her executed a full and absolute release to them of all her right, title, interest, and estate, in the mortgaged property.

3d. That she was estopped by a decree of the court of Alabama, on a bill filed by the mortgagees for a foreclosure and to have their title quieted.

If the appellants can succeed in establishing either of these three grounds of defence, they will be entitled to a decree in their favor.

We will therefore consider them in their order.

I. The instrument of mortgage is dated on the 14th July, 1838. The first part of it is a deed poll in the usual form: "Know all men, &c., that I, Henry Hitchcoc of Mobile, &c., in consideration of the sum of $620,530.96, to me in hand paid, by these presents do grant, bargain, sell, &c.," and concluding, "Given under my hand and seal, &c.," and signed "Henry Hitchcock, Anne Hitchcock," with their respective seals; also these words, "Signed, sealed, and delivered in presence of," but no names of witnesses annexed.

Under these signatures and attestation is the following release, signed and sealed by Anne Hitchcock:

"And I, Anne Hitchcock, wife of the said Henry Hitchcock, for and in consideration of the sum of one dollar, to me in hand paid by the said Joseph Cowperthwaite, Thomas Dunlap, and Herman Cope, have relinquished, and hereby do relinquish by these presents, all my right and title of dower in and to the above-described premises, to the said Joseph Cowperthwaite, Thomas Dunlap, and Herman Cope, the survivors or survivor of them, and to the heirs, executors, and assigns of such survivor, forever.

Witness my hand and seal, this fourteenth day of July, one thousand eight hundred and thirty-eight.

ANNE HITCHCOCK. [Seal.]

Attest: Charles A. Marston.

The acknowledgment which appears to have been taken at the same time is as follows:

" THE STATE OF ALABAMA,
    *Mobile County.*

Personally appeared before me, Charles A. Marston, notary-public in and for said county, the above-named Henry Hitchcock, who acknowledged that he signed, sealed, and delivered the foregoing indenture of mortgage to Joseph Cowperthwaite, Thomas Dunlap, and Herman Cope, on the day and year therein mentioned. And also appeared personally before me, Charles A. Marston, Anne Hitchcock, the wife of said H. Hitchcock, who being examined privately and apart from her said husband, acknowledged that she signed, sealed, and delivered the said indenture of mortgage freely, and of her own accord, and without any fear, threats, or compulsion of her said husband.

Given under my hand and seal notarial, this fourteenth day of July, A. D. 1838.

CHARLES A. MARSTON."

The objections to the sufficiency of this instrument to bar the dower of the wife, are, 1st, " That the mortgage is the deed of the husband only. It contains no words of grant by the wife —her name is not mentioned in the deed."

2d. That the relinquishment of dower is a several and separate deed, which should have the signature of the husband, to show his consent, and that it was the joint act of husband and wife.

3d. That the acknowledgment of Mrs. Hitchcock is of " the said indenture of mortgage," and not of her relinquishment of dower.

And, 4th. That the acknowledgment is not in due form of law.

The first three of these objections are founded on the assumption that the release of Mrs. Hitchcock forms no part of the deed of mortgage, but is a separate and distinct deed. It is true, if that portion of the instrument, above the joint signatures of the husband and wife, is to be construed as the whole indenture of mortgage, the first proposition cannot be denied. For the instrument, thus far, does not purport to dispose of any right or interest vested in the wife; and if nothing further had been added, the deed would have been wholly inoperative for that purpose. But the face of the instrument shows that it does not end there: for it proceeds, " And I, Anne Hitchcock, &c., in consideration of the sum of one dollar to me in hand paid by the said Joseph, &c., do relinquish all my right and title of dower in and to the above-described premises to the said Joseph, &c."

Usually this initiate and contingent right of dower is barred, in deeds of sale and mortgage, by a conveyance making the grant in the joint names of the husband and wife, in the same manner as if the estate belonged to the wife; the deed operating by way of estoppel when the right of dower becomes complete by the death of the husband. But when the legal estate is vested wholly in the husband, and the right of the wife is but a contingent incumbrance, there is no necessity that she should join in the grant of the fee, the release of her inchoate right acknowledged in due form, being all that is necessary to bar her from setting up a claim of dower, after the death of her husband.

The insertion of the clause of release of dower might generally be considered by conveyancers as in better taste, if it had preceded the signature and attestation of the other covenants which affected the fee of the husband; but there is no stringent unbending rule of law, which requires a deed to be in such form, or in any peculiar form, in order to operate as a valid conveyance. The intention of the parties is to be gathered from an inspection of the whole instrument of assurance taken together. It ought not to be dislocated and rent into separate fragments by a captious or astute construction, whose only result is to defeat the plain meaning and intention of the parties.

The acts of Assembly of Alabama concerning conveyances, frequently use the phrase " deeds and relinquishments of dower," which is probably the cause or the consequence of this form of conveyancing in that State, and that in popular parlance, a conveyance of land in this form is described as if a " relinquishment of dower " was not a deed, or a portion of the conveyance, assurance, or grant, though made at the same time, and forming

a portion of it.   The instrument before us, composed of what is popularly called the mortgage and relinquishment of dower, constitutes but one deed or conveyance executed by husband and wife for the purpose of conveying the fee vested in the husband, and releasing the inchoate right of the wife.   It was all written on the same paper or parchment, for one purpose, the latter sentences connected with those which precede it, by a copulative conjunction.   It was all executed at the same time, and acknowledged by husband and wife at the time of its execution; and they have each signed that portion of the conveyance which purports to grant or release their several interests.   The relative position of the signatures of the husband and wife, or the unnecessary duplication of either, is of little importance, where the instrument, by apt and proper terms, clearly shows the intention of the parties, that the husband should convey the fee, and the wife join with him in the deed, for the purpose of releasing her contingent estate of dower.   In such cases, and especially where this form of assurance is in common use, the *astutia* of a court would be illy employed in criticizing the form of the conveyance, in order that one of the parties may be enabled to escape from his covenants, and thus wrong and defraud the other.

Let us now examine whether the acknowledgment of the wife is sufficient, according to the statutes of Alabama, to operate as a conveyance or relinquishment of her right of dower.

The act of Assembly of Alabama on this subject (Aikin's Digest, 93, § 29) is as follows:

" No estate of a *feme covert*, in any lands, tenements, or hereditaments, lying and being in this territory, shall pass by her deed or conveyance, without a previous acknowledgment made by her on a private examination apart from her husband, before one of the territorial judges, or one of the justices of the County Court, that she signed, sealed, and delivered the same as her voluntary act and deed, freely, without any fear, threats, or compulsion of her husband, and a certificate thereof, written on or under the said deed or conveyance, and signed by the officer before whom it was made; and every deed or conveyance so executed and acknowledged by a *feme covert*, and certified as aforesaid, shall release and bar her right of dower, and be good and effectual to convey the lands, tenements, and hereditaments thereby intended to be conveyed."

One of the objections to the acknowledgment of Mrs. Hitchcock is, that she acknowledges to have signed and sealed " the said indenture of mortgage," and not that part of it called the " relinquishment of dower."   This objection we think is hypercritical.   " *Hæret in litera*."   It is founded on the assumption which we have just noticed, that the several covenants signed

by the husband and wife do not constitute one assurance or deed of mortgage. The same criticism would annul the acknowledgment of the husband, which is, " that he executed the foregoing indenture," whereas the deed signed by him is a deed poll and not an indenture. Surely no court would declare his acknowledgment invalid for this slight misnomer. It would, certainly, be no great latitude of construction, even if they were separate and distinct instruments, to refer the acknowledgment of the wife to that one which contains her own grant or release, and which she has signed and sealed. Even in cases of doubtful construction, the rule of law is, that the court should construe the instrument *ut res magis valeat*, and not annul it by such fanciful criticism.

It is objected, also, that this acknowledgment is not in the very words of the statute. In place of the words, " as her voluntary act and deed, freely," it substitutes the words, " freely and of her own accord."

That the words of the acknowledgment have the same meaning, and are in substance the same with those used in the statute it needs no argument to demonstrate ; and that such an acknowledgment is a sufficient compliance with the statute to give validity to the deed of the wife, is not only consonant with reason, but, as the cases cited by counsel show, supported by very numerous authorities. The act requires a private examination of the wife to ascertain that she acts freely and not by compulsion of her husband, but it prescribes no precise form of words to be used in the certificate, nor requires that it should contain all the synonymes used in the statute to express the meaning of the legislature. In other acts of the same legislature, where a precise form of acknowledgment of certain deeds is prescribed, it is provided, that " any certificate of probate or acknowledgment of any such deed, shall be good and effectual if it contain the substance, whether it be in the form or not, of that set forth in the first section of this act." Clay's Dig. 153. The legislature have thus shown a laudable anxiety to hinder a construction of their statutes, which would require a stringent adherence to a mere form of words without regard to their meaning or substance, and make the validity of titles to depend on the verbal accuracy of careless scriveners.

We are, therefore, of opinion that the certificate of the acknowledgment of the complainant of the deed executed by her, is valid and sufficient in law to bar her claim of dower in the mortgaged premises.

II. But, even if this deed of mortgage were not a sufficient bar to the claim, we are of opinion that the deed of release exe-

23 *

cuted by the complainant on the 8th of February, 1840, is a complete bar and estoppel to the claim set up in her bill.

Henry Hitchcock died in August, 1839, having first made his will, in which he devises all his estate, real and personal, to the complainant in trust to sell and dispose of the same, and invest it for the use of herself and children, share and share alike. Under this devise she entered and took possession of the estate of her husband, and, in consideration of the sum of $150,000, paid to her by the trustees of the bank, and of a release by them of all claim upon the other estate of the deceased, she executed, on 8th of February, 1840, a deed of release of the mortgaged property, containing the following recitals and covenants. "This indenture, made, &c., between Anne Hitchcock, widow and sole devisee of Henry Hitchcock, acting under and by virtue of the last will and testament of said Henry Hitchcock, duly proved, &c., of the first part, and Joseph Cowperthwaite, &c., of the second part, witnesseth, that the party of the first part, for, and in consideration of the sum of $773,352, &c., hath remised, conveyed, and forever quitclaimed, and doth remise, &c., to the said parties of the second part, all the estate, right, title, interest, use, property, claim, and demand whatsoever, at law as well as in equity, in possession as well as in reversion of, in, to, or out of all and singular, the following described premises, to wit, &c., &c.: "To have and to hold all and singular the aforesaid lands, tenements, improvements, and appurtenances, unto the said parties of the second part, the survivors and survivor of them, and the heirs, executors, administrators, and assigns of said survivor to their own proper use, benefit, and behoof forever; so that neither the said party of the first part, her heirs or assigns, nor any person or persons whatsoever, in trust for them or her, or in her or their name or names, can or may, by any ways or means whatsoever, hereafter have, claim, challenge, or demand any right, title, interest or estate of, in, to, or out of all and singular the premises above described, and hereby released and conveyed; but therefrom and thereout are and shall be by these presents forever excluded and debarred."

By the law of Alabama, the widow is allowed one year after probate of the will to make her election, whether to take under it or not. The will of Henry Hitchcock was admitted to probate on the 17th August, 1839, and on the 14th of August, 1840, the widow filed her election, renouncing all benefit under the will and electing to take her dower. This bill was filed on the 29th of April, 1847, nearly seven years afterwards.

She makes no offer in her bill to restore the sum of $150,000 paid to her or her agent, or to surrender the release given to her by the trustees of the bank which was the consideration paid for

her release, but contends that she is remitted to her original rights by her last election, and is not estopped by her deed which was merely the execution of a power, and could not affect her personal right, or bar her claim to dower in the land conveyed or released.

It is admitted, that the mere equity of redemption of this property was worth nothing; on the contrary, the other property of the mortgagor would have been liable for a large portion of the bond which accompanied the mortgage. Yet, it is contended, that the widow may elect to take under this devise in the will; that, under pretence and belief of such election, she may get her husband's estate released from a debt and receive a large consideration in money for a release of her title as "sole devisee," and afterwards change her election, defeat all the covenants of her own deed, and yet retain the whole consideration paid for it. It is not worth while to examine what acts of a widow amount to an election *in pais* to take under the will. It is clear she cannot take possession, under the will and sell the title in fee conferred upon her by the devises in it, and then revoke her grant by changing her election within the year. The time given to the widow by the law, to make her election, is intended for her protection, and not that she shall use it as a weapon of offence to defraud others. Courts of equity do not exert their powers, even in favor of widows, to assist them in such a transaction. The deed executed by the complainant in 1840 is an estoppel, both in law and equity, against this claim of dower. By this deed, she professes to convey, as "widow," "sole devisee," and under the powers vested in her by the will. She releases all claim or demand in law or equity, in possession or expectancy, "so that neither she, nor her heirs, can or may, by any ways or means whatsoever, hereafter have, claim, challenge, or demand any right, title, interest, or estate in the premises." It is hard to conceive how any conveyancer could devise language more comprehensive, or legal phraseology more stringent, to convey every possible estate of the grantor and operate as a perfect legal estoppel against all possible claim in any character whatever. If this had been a mere naked power of appointment, or to make a conveyance of the title of the deceased, not coupled with an interest, and the widow had intended merely to exercise such power without affecting her own right in the property, her deed should have been carefully drawn, so as to show on its face an intention to save her own rights, if she did not intend to convey them. For, it is a settled rule of construction, that "whoever conveys to a purchaser, without restraining the operation of his conveyance, shall be deemed to convey in every character, which enabled him to give effect to his deed."

Sugden on Powers, 82; Coxe *v.* Chamberlain, 4 Ves. Jr. 637, &c.

This case is much stronger against the grantor; for her deed was worthless, unless she had elected to take the devise under the will, and having recited in her deed, that she was "widow and sole devisee," she is thereby estopped from denying that she conveyed all rights held in either character, or, as between her and the grantees, ever asserting that she had not elected to take as sole devisee.

Being, therefore, of opinion, that the complainant below is doubly estopped from setting up this claim of dower, it will be unnecessary to consider the third point of defence urged by appellant's counsel, as to the effect of the decree of foreclosure.

The decree of the Circuit Court is therefore reversed, and the bill dismissed with costs.

### *Order.*

This cause came on to be heard on the transcript of the record, from the Circuit Court of the United States for the Southern District of Alabama, and was argued by counsel. On consideration whereof, it is now here ordered, adjudged, and decreed by this court, that the decree of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs; and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to dismiss the bill of complaint with costs.