90   737
96   139

90   739
o101  776

90   739
e104  298

90   737
e109  773

# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## CLINCH RIVER VENEER CO. V. KURTH.

### JUNE 14th, 1894.

1. DEED OF MARRIED WOMEN—*Defective acknowledgment.*—Where certificate of acknowledgment to deed of a married woman in 1887, failed to state that she acknowledged the same to be her act, and that she willingly executed it: *held,* the deed is void.

2. IDEM—*Executory contract—Case at bar.*—Deed defectively acknowledged may not pass the legal title, but may be enforceable in equity as an executory contract, and will uphold a trust deed made on faith of it, especially where the one as to whom it is defective, makes no objection on that account and is ready to carry out her part of the contract and receive the money intended to be secured to her by the trust deed.

3. TRUST DEED—*Acknowledgment before trustee.*—A deed of trust acknowledged for recordation by the grantor before the trustee, is void.

4. IDEM—*Corporation—Creditors.*—A deed of trust executed by a corporation will inure ratably to the benefit of *all* its *then* creditors, except where it is executed to secure a debt contracted or money borrowed at the time of its execution.   Code 1873, ch. 57, § 63.

Appeal from decree of circuit court of Washington county, rendered January 22, 1892, in a suit wherein the Clinch River Veneer Company and others were complainants, and Charles Kurth and others were defendants.   The decree being adverse to the complainants, they appealed.   Opinion states the case.

*A. H. Blanchard,* for appellants.

*Fulkerson, Hurt & Page* and *J. H. Wood,* for appellees.

LACY, J., delivered the opinion of the court.

This is the sequel of the case of the same name reported in 88 Va., 222, when the appeal on the part of the present appellants was dismissed as improvidently awarded.

It appearing that the decree of October 18, 1889, appealed from, was interlocutory only and did not settle any question in dispute in the cause, being a decree of reference only to a commissioner to make inquiry and report.

Upon the return of the cause to the circuit court this order was executed, report made and excepted to, exceptions overruled, and report confirmed by the court, and appeal taken to this court from said decree which was rendered on the 3d day of February, 1892; which overruled all exceptions to the commissioner's report, confirmed the said report, decreed the payment of the debts of the appellant company, and upon default for thirty days decreed the sale of its property, and appointed a special commissioner to execute the decree for a sale.

The object of the bill filed in the case by the appellant company was to annul the deeds under which the sale is decreed. 1st, Because the trust deed was executed by a company to prefer certain creditors, which is alleged to have been made by a joint stock company to pay a loan which should enure ratably to all the creditors. 2d, Because the deed to Miles' trustee on the 18th day of February, 1888, was void for uncertainties in the sum secured. 3d, To declare the deed to J. H. Wood void because not properly executed and recorded. 4th, To enjoin the collections under the deed, and to obtain priority for the the complainants by reason of priority in time by attacking the deeds first. The commissioner, whose report is the subject of controversy, to which the exceptions above mentioned were filed, makes a statement of the matters before him in substance as follows:

On December 20, 1886, W. W. James and M. J. James, his wife, undertook by deed to convey two parcels of land situated in Goodson, Washington county, Va., containing about six and one-half acres, adjoining each other, to F. W. and W. F.

Aldrich, in consideration of $2,500, payable to M. J. James on or before thirty months after date, with interest payable semi-annually, for which they executed to her their bond, the land being her separate estate, and to secure which the said Aldriches were to execute a deed of trust conveying the land, and the buildings and machinery to be placed thereon. On the same day F. W. and W. F. Aldrich, W. W. James, Sr., and W. D. Jones and Joseph R. Anderson entered into a written agreement by which F. W. and W. F. Aldrich were to have the loan of the following sums of money, to be paid in the same way as that of Mrs. James, to wit: W. W. James loaned them $500, W. D. Jones loaned them $1,000, and Joseph R. Anderson loaned them $500, for which they executed their bonds, payable on the same terms as that to Mrs. M. J. James. To secure all of these sums, including the sum to Mrs. M. J. James, they obligated themselves to execute a deed "to J. H. Wood, trustee, conveying the land bought of Mrs. James, and their engine or engines, &c., estimated to be of the value of $10,000, now at Offuts, Tenn., but to be transferred by said F. W. and W. F. Aldrich to the said lands, &c."

The money thus loaned was to be paid by the parties loaning, to J. H. Wood, trustee, for the buildings and improvements to be made on her said land, as they might progress and be completed. On written orders from F. W. Aldrich to said trustee, the money loaned to be paid said trustee as the money was needed for constructing said buildings and making said improvements, and upon the completion of said buildings and improvements, and upon the arrival of said machinery upon said land, the balance of said loan should be paid through said trustee to the said F. W. Aldrich.

On the same day, December 20, 1886, said F. W. Aldrich and L. G. Aldrich and W. F. Aldrich executed a deed of trust to J. H. Wood, trustee, purporting to convey the property agreed to be conveyed, and for the purpose agreed on; that the deed from W. W. James and wife to F. W. and W. F. Aldrich

of date December 20, 1886, is void for not being acknowledged by her according to law, the certificate failing to show that she acknowledged the said writing to be her act, and further fails to show that she declared that she willingly executed the same. The acknowledgment being taken by Philip Rohr on January 15, 1887, and both of said deeds were recorded on January 17, 1887.

On July 23, 1887, F. W., L. G. & W. F. Aldrich executed a mortgage deed to said land, and all the machinery and improvements on the same, to John Keys, to secure him in the payment of $1,000 due in twelve months from date received, August 11, 1888.

On May 19, 1887, Judge Kelly, judge of the circuit court, on motion of Aldrich and others, granted them a charter of incorporation by the name of the Clinch River Veneer Company.

On July 30, 1887, the said Aldriches, in consideration of $20,000, conveyed said land with the buildings, &c., to the said company, which deed was admitted to record August 3, 1888.

On February 18, 1888, the said company conveyed to A. F. Miles, trustee, the same property to secure A. B. Echols as endorser of its notes, not to exceed $3,000, acknowledged before the trustee therein, and therefore the acknowledgment was ineffective.

On October 24, 1888, the said company executed a trust deed to J. H. Wood, trustee, purporting to convey the said land and buildings and the machinery, except the veneering machinery belonging to W. A. Rader & Co., to Drake & Son, and that belonging to E. Godsey, subject to the deed to Miles, trustee, and the mortgages to Keys, both above mentioned, to secure stated debts; to secure first W. A. Rader as indorser to the National Bank of Bristol for $2,000, and other named creditors.

On October 24, 1888, another trust deed to M. J. Drake to secure debts, which have been discharged.

On the 13th November, 1888, the company in consideration of $1,000 executed a bill of sale to M. J. Drake, by which it, sold him certain logs and veneers at Big Cut, Foley Gap, surplus at Abraham's Falls, and the logs and veneers at Goodson, Va., after paying claim secured in the trust deed to him of October 24, 1888, recorded November 17, 1888.

The plaintiffs brought their suit April, 1889. In their bill they claim that the money secured in the deed of trust of December 20, 1886, by the Aldriches to J. H. Wood, trustee, except the $2,500 due M. J. James, are not preferred debts, because not loaned said company until the spring of 1887.

That the deed to Miles' trustee is void for uncertainty, that the said company is a joint stock company and could not prefer one of its creditors to the prejudice of other creditors, except it be to secure a debt contracted or money lent at the time of the creation of the lien. Code of 1873, ch. 57, sec. 63.

The plaintiffs in their bill make no objection to the said deed of trust to J. H. Wood, trustee, of October 24, 1888, except to certain persons, to-wit: F. W. Aldrich, W. F. Aldrich, J. C. Tyler and M. J. Tyler, stockholders, and Taylor & King, and no objection to the mortgage to John Keys by said company of July 23, 1887.

At the time of the deed to J. H. Wood, trustee, of December 20, 1886, to secure the debts due W. W. James, Jos. R. Anderson, W. D. Jones and Mrs. James, the company had not been chartered, being incorporated May 10, 1887, and hence, if for no other, their objection for the reason stated could not prevail.

The deed to Miles, trustee, 18th of February, 1888, for the same reason, being subsequent to the date of incorporation, will inure ratably to all of the creditors existing at the time of the creation of the lien. The deed of trust not being executed to secure a debt contracted or money borrowed at the time of the creation of the lien.

And for the same reason the deed of trust to J. H. Wood,

trustee, of October 24, 1888, will inure ratably to all of the existing creditors anterior to that time, and this is true of all other creditors secured as well as W. A. Raslin.

Plaintiffs' counsel objected to the validity of the deed of trust executed by the Aldriches to J. H. Wood, trustee, of December 20, 1886, because the acknowledgment thereof was not taken in accordance with the form prescribed by the Code. This is a good objection as to Mrs. L. G. Aldrich, wife of F. W. Aldrich, but is not good as to W. F. and L. G. Aldrich. As to them there is a substantial compliance with the statute. That the title to the land in the suit has therefore never passed out of Mrs. M. J. James, she being a married woman and seized of the land in fee simple as her separate property. Her certificate of acknowledgment is defective, as has been said, because it does not state that she acknowledged the same to be her act, and that she has willingly executed the same as provided by the said Code of 1873. *Rorer's heirs* v. *Roanoke Nat. Bank*, 83 Va., 589, and cases cited.

But while the deed from M. J. James to F. W. and T. W. Aldrich, of date December 20, 1886, is defectively acknowledged and insufficient to pass the legal title to the land, the deed is good as an executory contract, and one a court of equity will enforce, and will uphold the deeds of trust executed on the faith of said deed, especially so inasmuch as Mrs. James, in her answer, is making no objection on that account, and is only anxious to carry out her part of the contract, and recover the money which the deed in trust of December 20, 1886, to J. H. Wood, trustee, was intended to secure her and the others therein named. 2 Minor, 344. The debts to said Drake have been paid and discharged in full by said trustee, as appears in evidence.

The said commissioner returned with his report an account showing the assets and the debts and their priorities in five classes. This report was excepted to by Echols, Rader, Reynolds, and Barker, because too much interest was allowed on

the debts of Mrs. James, W. W. James, Sr., and W. D. Jones, and as to the allowance of M. J. Drake because of the assignment of loss, &c., to Drake and his being a trustee; and Echols excepts to said debt of M. J. Drake of $878 16 in the fifth class, because said money was made by said Drake while he was trustee and there is settlement of his transactions as trustee.

Mrs. James filed an amended answer, seeking to take advantage as far as may of the defective acknowledgment by her in deed referred to above.

W. W. James and W. D. Jones except because the acknowledgment to the deed of December 20, 1886, is reported to be defective.

The court sustained the exceptions, showing error in calculations of interest as stated, and recommitted the report, and reserved the question as to the priority of W. F. Rader, rejected the debt of Tavenier altogether, and in all other respects confirmed the report. The commissioner reformed his report according to the decree of the court, stated some new debts, and reported with new depositions to sustain the same. Which report was excepted to because not reported in accordance with the decree, because the commissioner would not report the J. D. Mitchell & Co. debt, and because he did report the Morey debt to be $14,950, and because without authority he reported contrary to evidence a debt in favor of the National Bank of Bristol at $193 03 instead of $334 91, and renewed their old exceptions overruled by the court in former decree.

The court thereupon decreed as has been already stated, overruling all exceptions, confirmed the report, and decreed the payment of the debts therein reported, in their stated priorities, and decreed a sale upon default of payment in thirty days. Whereupon the appeal is taken to this court.

The decree appears to be without error, for reasons already stated by the commissioner and the trial court, and stated by this court herein, and must be affirmed. Amer. & Eng. Encyl. of Law, vol. 5, 439; *Carpenter* v. *Dexter*, 75 U. S., 8 Wall.,

Opinion.

426, 429, opinion of Mr. Justice Field; *Kelley* v. *Cobham*, 95 U. S. Rep., 544; *Cole* v. *Miller*, 8 Gratt., 413; *Haslen* v. *King*, 9 Gratt., 119, 6 Gratt., 645; *First Nat. Bank* v. *Trumbull*, 32 Gratt., 695; *Hardy* v. *Nor. Mfg. Co.*, 80 Va.

DECREE AFFIRMED.

NOTE.—As to validity of acknowledgment of a deed of trust before one who is the trustee, see *Rothschild* v. *Dougher*, 16 L. R. A., p. 719, and annotations thereon.—*Reporter*.