## Staunton.

GEIL v. GEIL.

September 17, 1903.

Absent, Buchanan, J.*

1. DEEDS—*Acknowledgments of Married Women—Sufficiency of Certificate.*
It is not necessary that the certificate of acknowledgement of a married woman to a deed shall conform to the exact words of the statute, or that the several requisites mentioned in the statute shall be stated in the certificate in the order given in the statute. A substantial compliance with the statute is all that is required. The chief object of the statute was to protect married women from the imposition and coercion of their husbands, and when this appears to have been accomplished, minor defects and omissions will be disregarded.

2. DEEDS—*Acknowledgment of Married Women—Certificate.*—A certificate of acknowledgment of a married woman, which shows that the writing was fully explained to her, that she was examined by the officer privily and apart from her husband, and that she "declared that she had willingly executed the same and does not wish to retract it," sufficently shows that she acknowledged the execution of the paper to be her act. *Hockman* v. *McClanahan,* 87 Va. 33, and *Clinch River Veneer Co.* v. *Kurth,* 90 Va. 737, *overruled.*

Appeal from a decree of the Circuit Court of Rockingham county, pronounced October 29, 1902, in a suit in chancery wherein the appellant was the complainant, and the appellee was the defendant.

*Reversed.*

The opinion states the case.

*Sipe & Harris* and *J. B. Stephenson,* for the appellant.

*Winfield Liggett,* for the appellee.

---

*Judge Buchanan was detained at home by sickness.

HARRISON, J., delivered the opinion of the court.

The first question to be determined in this case is raised by the cross-appeal, and involves the sufficiency of the acknowledgment of Rebecca Geil to the deed dated September 29, 1871, from Henry Geil and wife to Jacob Geil. So far as necessary to be stated, the language of that certificate is as follows:

"We do further certify that Rebecca Geil, wife of Henry Geil, whose name is likewise signed to the writing hereto annexed bearing date as aforesaid, also personally appeared before us in our said county, and having the writing aforesaid fully explained to her, and being examined by us privily and apart from her said husband, she, the said Rebecca Geil, declared that she had willingly executed the same and does not wish to retract it."

The statute by which the sufficiency of this acknowledgment must be tested is found in Code 1873, p. 906, c. 117, sec. 4. It directs that the certificate of the justices show that the married woman personally appeared before them; that she was examined privily and apart from her husband, and had the writing fully explained to her; that she acknowledged it to be her act and deed, and declared that she had willingly executed the same, and did not wish to retract it.

It is the policy of the law to uphold certificates of acknowledgment. Clerical defects or omissions and obvious technical errors will be disregarded if the law has been reasonably and fairly complied with. Such certificates should be liberally construed if the substance be found; the great object being to protect the married woman from imposition and coercion by her husband. It is generally held, and has often been held by this court, that in the acknowledgment of a deed by a married woman it is sufficient if it appears that the statute has been substantially observed and followed. A literal compliance is not demanded or expected. As was said by Judge Moncure in *Grove* v.

*Zumbro, infra,* "to demand a literal compliance with them would be unnecessarily to obstruct the alienation of property and throw a cloud over titles." Devlin on Deeds, sec. 571; *Langhorne* v. *Hobson,* 4 Leigh, 224; *Hairston* v. *Randolphs,* 12 Leigh, 445; *Grove* v. *Zumbro,* 14 Gratt. 501; *Bolling* v. *Teel,* 76 Va. 496; *Dundas* v. *Hitchcock,* 12 How. 256, 13 L. Ed. 978; *Deery* v. *Cray,* 5 Wall. 795, 18 L. Ed. 653.

We are of opinion that the certificate under consideration substantially complies with the law; that its prime object has been accomplished, and the wife fully protected from imposition or coercion by the husband, so far as the justices could accomplish that end in taking the acknowledgment.

The first objection urged to the certificate is that it fails to show that the explanation of the deed was made to the wife privily and apart from her husband. It is not denied that the wife was privily examined by the officers, and that the certificate clearly shows that fact, but the contention is that, because the declaration "that the deed was fully explained to her," precedes in order of statement the declaration "that she was examined privily and apart from her husband," therefore it does not appear that the deed was explained while the wife was apart from her husband. Conceding, for the purposes of this case, merely, that the explanation of the deed by the justices is one of the things that must be done without the presence of the husband, we think the objection technical and unsubstantial. The certificate declares in the language of the statute that the wife appeared before the functionaries, had the writing fully explained to her, and was examined privily and apart from her husband, and declared that she had willingly executed the deed and did not wish to retract it. The order in which these several requisites are stated in the certificate is immaterial. The law has been substantially complied with when the certificate shows that all of its requisites have been substantially met. If the statement that the wife had been examined privily and apart

from her husband had been at the foot of the certificate, it would have been as effectual as it would have been if that statement had appeared first. The justices having certified that the deed was explained to the wife, and the privy examination had, the presumption is that it was done in the manner contemplated by the statute.

The second objection to the certificate is that it does not appear that the wife acknowledged the deed to be her act. It is true that the certificate does not contain the words, "and acknowledged the same to be her act," but it declares that she willingly executed the deed and does not wish to retract it.

We concur in the view expressed by a learned author that it is difficult to comprehend how a married woman can declare that she has willingly executed a deed and does not wish to retract it without thereby in substance and effect acknowledging the deed to be her act. Burks' Separate Estate of Married Women, p. 2.

Judge Allen, in *Hairston* v. *Randolphs*, 12 Leigh, 445, says, "The certificate must in some form show that she acknowledged the deed." We are of opinion that when the wife, apart from her husband, declares that she has willingly executed a deed and does not wish to retract it, she in substance and effect acknowledges the deed to be her act, and the law is substantially complied with. We are aware that this conclusion is in conflict with the cases of *Hockman* v. *McClanahan*, 87 Va. 33, 12 S. E. 230, and *Clinch River Veneer Company* v. *Kurth*, 90 Va. 737, 19 S. E. 878, where it is held that the omission from the certificate of the words, "and acknowledged the same to be her act," was fatal, and vitiated the conveyance. We regard the conclusion reached in these cases as technical, not warranted by the law as established prior thereto, and calculated to disturb property rights. There being no rule of property established by these decisions, we feel less hesitation in overruling them and returning to the more liberal rule of construction established by this court prior to the decisions mentioned.

In this view of the case it is unnecessary to pass upon other questions presented by the record before us.

For these reasons the decree appealed from must be reversed, and the cause remanded for further proceedings not in conflict with this opinion.

*Reversed.*