# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

SAFFELL AND OTHERS V. ORR AND OTHERS.

June 24, 1909.

1. ACKNOWLEDGMENTS—*Married Women—Substantial Compliance With Statute.*—A substantial compliance with the statute as to taking and certifying a married woman's acknowledgment to a deed, under the former statute on the subject, was all that was required. A literal compliance was not necessary. *Geil* v. *Geil,* 101 Va. 773, is affirmed.

2. STARE DECISIS—*Rule of Property—Sporadic Decision—Effect of Overruling.*—A sporadic decision, contrary to the weight of authority in the same jurisdiction, does not constitute a rule of property under the doctrine of *stare decisis.* The effect of overruling such a decision and refusing to abide by the precedent is retroactive, and makes the law at the time of the overruled decision as it is declared to be in the last decision.

3. VENDOR AND PURCHASER—*Innocent Purchaser—Defects in Chain of Title—Decrees Against Infants—Right to Show Cause.*—Where a party purchases land which is subject to the right of another, and that right is shown by the chain of title papers, the purchaser is charged with notice of all that the title paper or papers to which they refer may disclose upon complete examination, and this notice affects subsequent purchasers from him. A purchaser from one whose title depends on a decree taken against an infant is charged with notice of the infant's right to show cause against the decree, and hence is not an innocent purchaser so far as the rights of the infant, asserted within the statutory period, are concerned.

Appeal from a decree of the Circuit Court of Lee county. Decree for complainants. Defendants appeal.

*Affirmed.*

On April 7, 1883, David M. Orr and Rebecca, his wife,

who were the joint owners of a tract of land, conveyed the same, for value, to their son, R. S. Orr. In May, 1883, David M. Orr died, surviving him his widow, Rebecca Orr, and two daughters and two sons. In 1888 R. S. Orr departed this life intestate, surviving him his widow, Lizzie Orr, and an infant daughter, Perdie Orr, and shortly after his death there was born of his wife, a son, R. S. Orr, being the second of that name. In 1888 suit was brought by Rebecca Orr against the personal representative of R. S. Orr (Sr.), Lizzie Orr, the widow, and Perdie Orr, infant heir of R. S. Orr (Sr.), to vacate the above deed of April 7, 1883. In 1890 a supplemental bill was filed for the purpose of bringing in the posthumous child, R. S. Orr (Jr.). Such proceedings were had in this suit as that said deed was vacated as to the said Rebecca Orr and she recovered one-half of the land thereby conveyed, and rents and costs. The other facts sufficiently appear in the opinion of the court.

*J. W. Orr* and *Irvine & Morison,* for the appellants.

*Pennington Bros.* and *Duncan & Sewell,* for the appellees.

Cardwell, J., delivered the opinion of the court.

The pleadings and facts in this case necessary to be stated are as follows: On the 7th day of April, 1883, David M. Orr and Rebecca Orr, his wife, were joint owners of a certain tract of land situated in Lee county, Virginia, each owning an undivided moiety, and on that day, for a valuable consideration, they conveyed this land as a whole to R. S. Orr, their son, the deed being acknowledged by the grantors and certified as to Rebecca Orr, the wife, by two justices of the peace, as was then required by law, and the deed duly admitted to record.

David M. Orr departed this life in 1883, and R. S. Orr died in 1888 leaving a widow, Lizzie Orr, and one child, an

infant, Perdie Orr. At the November rules, 1888, Rebecca Orr filed her bill in the Circuit Court of Lee county against E. W. Pennington, administrator of the estate of R. S. Orr, deceased, Lizzie Orr, and Perdie Orr, the object of which was to have set aside and annulled the deed of April 7, 1883, upon several grounds, among them that she, Rebecca Orr, had not acknowledged the deed as the law required.

The bill was answered by Pennington, administrator, by Lizzie Orr and by a guardian *ad litem* duly appointed on behalf of the infant, Perdie Orr; the answer of Lizzie Orr denying the allegations of the bill, and alleging the validity of the certificate of acknowledgment in question.

Upon the hearing of this cause, a decree was entered September 12, 1889, holding that the acknowledgment to the deed of Rebecca Orr was defective, setting aside the deed, and appointing a commissioner to report on the questions of rents, profits, etc.

On April 2, 1890, a supplemental bill was filed, which set forth that since the last decree another child, to-wit, R. S. Orr, had been born to Lizzie Orr, and this posthumous child was made a party defendant. On the same day an answer was filed by the guardian *ad litem* for this infant; and the administrator and the widow of R. S. Orr, deceased, filed their respective answers to the supplemental bill. Another decree was thereupon entered on that day, reaffirming the principles of the cause as they had been settled by the prior decree of September 12, 1889. A suspension of this last decree was asked for the purpose of appealing the case to this court, but the appeal was never prosecuted.

The result of the decrees mentioned was that Rebecca Orr recovered her half of the original tract of land which was made the subject of litigation, and, having had partition thereof made in the aforesaid cause, sold and conveyed the land she thus acquired to her son-in-law, S. H. Wells, but the deed thereto was not executed and delivered until February 27,

1892; and Wells, by deed dated December 28, 1897, conveyed the same land to S. M. Saffell and A. B., his wife. The grantees took possession of the land at or about the date of that deed, and have remained in possession thereof.

On December 19, 1897, Perdie Orr, having a few months before attained her majority, for herself and as next friend of her brother, R. S. Orr, filed their bill of review against Saffell and wife, in which was set up the aforesaid chancery cause of *Rebecca Orr* v. *Pennington, Admr. &c.,* and the action taken in that cause, the sales and conveyances from Rebecca Orr to S. H. Wells, and from him to Saffell and wife, the decree of September 12, 1889, and the certificate of the justices of the peace attached to the deed of April 7, 1883, and alleged that the said decree was erroneous on its face, because the certificate of the acknowledgment of Rebecca Orr to that deed was a valid certificate; no other invalidity in the decree being alleged. The prayer was that the bill of review be allowed in the original cause above mentioned, that the said decree be reversed and set aside, and that the land be returned to the plaintiff.

At the March rules, 1908, Perdie Orr, for herself and as next friend for R. S. Orr, filed an amended bill of review, which repeats the allegations of the first bill, and, in addition to the matters in said first bill, sets out the decree of April 2, 1890, and alleges error in it as well as in the decree of September 12, 1889; the additional error alleged in the supplemental bill of review being a matter that need not be here stated. This amended and supplemental bill of review was answered by the defendants thereto, Clamanda Wells, Mary W. Wells, William A. Orr, and S. M. Saffell and wife, in all of which answers it was insisted that there was no error in the decrees complained of apparent upon the face of the record, and other matters set out not material to the question here presented.

Upon these pleadings a decree was entered on the 14th day of May, 1908, annulling and setting aside the decrees of September 12, 1889, and April 2, 1890, in so far as they affected

the title of the plaintiffs, Perdie and R. S. Orr, to the land in controversy, and appointing a commissioner to take an account of the rents, profits and permanent improvements, and from that decree this appeal was taken.

The question presented is whether the certificate of acknowledgment by Rebecca Orr to the deed of April 7, 1883, was valid or invalid; and this court is of opinion that this question is ruled by its decision in the case of *Geil* v. *Geil,* 101 Va. 773, 45 S. E. 325.

A comparison of the certificates of acknowledgment will disclose, that they are substantially the same.

In the *Geil Case,* the certificate was as follows: "We do further certify that Rebecca Geil, wife of Henry Geil, whose name is likewise signed to the writing hereto annexed bearing date as aforesaid, also personally appeared before us in our said county, and having the writing aforesaid fully explained to her, and being examined by us privily and apart from her said husband, she, the said Rebecca Geil, declared that she had willingly executed the same and does not wish to retract it."

The following is the certificate in the *Orr Case*: "We, John B. Pennington and W. R. Yeary, two justices of the peace, in and for the said county and State aforesaid, do certify that Rebecca Orr, wife of David M. Orr, whose names are signed to the foregoing deed, bearing date on the 7th day of April, 1883, personally appeared before us in our county and being examined by us privily and apart from her said husband and having said deed read and fully explained to her, acknowledged that she had willingly executed the same and does not wish to retract it."

The only differences in the two certificates are, first, the Geil certificate has the requisite of explaining the deed stated before the requisite of privy examination; and, second, in the certificate the word "declared" is used instead of the word

"acknowledged"; where it is *vice versa* in the *Rebecca Orr Case.*

But counsel for appellants say that if the court adheres to its ruling in *Geil* v. *Geil,* they should prevail on this appeal for the reasons that appellants acquired their right to the land after the decisions of this court in the cases of *Hockman* v. *McClanahan,* 87 Va. 33, 12 S. E. 230, and *Clinch River Veneer Co.* v. *Kurth,* 90 Va. 737, 19 S. E. 878, that they are innocent purchasers for value without notice; and that, as those cases established a rule of property, neither the immediate grantee of Rebecca Orr nor his grantees, Saffell and wife, can be disturbed in their rights by reason of the decision of this court in *Geil* v. *Geil, supra.*

This contention is wholly without merit, for the reason that the court in *Geil* v. *Geil,* expressly held that the two cases relied on by appellants did not constitute a rule of property, and that the decision in the later case was in line with the weight of authority prior to *Hockman* v. *McClanahan,* and *Clinch River Veneer Co.* v. *Kurth.* The court sees no reason whatever for receding from either of those views. In the first place, the case of *Hockman* v. *McClanahan* held the certificate of the married woman's acknowledgment insufficient because the requisite "acknowledged the deed to be her act," appeared in the certificate before the privy examination; and in *Clinch River Veneer Co.* v. *Kurth,* the certificate failed to show that the married woman acknowledged the deed to be her act, and also that she had willingly executed the same. So that it will be seen that in each case the certificate was held invalid upon different grounds, and as a matter of fact both decisions recognized, as did the decision in *Geil* v. *Geil,* and many others that precede it, that all that was required in the certificate was a substantial compliance with the statute; therefore, the court, in its last decision (*Geil* v. *Geil*) was unquestionably right in holding that the cases of *Hockman* v. *McClanahan,* and *Clinch River Veneer Co.* v. *Kurth,* did not establish a rule of property,

and that the rule of construction established by this court prior
to the decisions in those cases was in accordance with the view
the court took in *Geil* v. *Geil*.

We have taken occasion again to examine the "prior decisions" referred to in the last named case, and have found
that they uniformly adhered to the rule that a substantial compliance with the statute as to taking and certifying a married
woman's acknowledgment, as the law then stood, was all that
was required; and in the cases in which the certificate of a
married woman's acknowledgment was held invalid it was for
the reason that there had not been a substantial compliance
with the statute.

"The effect of overruling a decision and refusing to abide
by the precedent there laid down is retroactive and makes the
law at the time of the overruled decision as it is declared to be
in the last decision." 26 Am. & Eng. Enc. L. 179.

There is a second reason why the contention of appellants,
Saffell and wife, that they are protected in their right to hold
the land in question by reason of the doctrine of *stare decisis,*
and the fact that they are innocent purchasers from S. H.
Wells who purchased of Rebecca Orr after the decision in
*Hockman* v. *McClanahan,* cannot be sustained. We have seen
that the doctrine of *stare decisis* is unavailing to these appellants, and their claim of being innocent purchasers for value
without notice is equally as unavailing. They stand on no
better footing than did S. H. Wells, under whom they claim,
and Wells could occupy no higher ground than Rebecca Orr,
his grantor. Had he, as was his duty, looked to the chain of
title to the land which Rebecca Orr proposed to convey to
him, he would have found the cause of *Rebecca Orr* v. *Pennington, Admr. &c.,* open, and in effect a pending cause in the
Circuit Court of Lee county as to the infant defendants, Purdie
and R. S. Orr, in which they had, under the existing statute
(now section 3424 of the Code) until six months after they at-

tained the age of twenty-one years to show cause against the decrees entered therein prejudicial to them.

It is an established rule in Virginia, that where a party purchases an estate which is subject to the right of another, and that right is shown by the chain of title papers, the purchaser is charged with notice of all that the title paper or papers to . which they refer may disclose upon complete examination. *Effinger* v. *Hall,* 81 Va. 105; *Burwell* v. *Fauber,* 21 Gratt. 446; *Va. Iron, &c. Co.* v. *Roberts,* 103 Va. 679, 49 S. E. 984, and authorities there cited. Also *Blanton* v. *Rose,* 70 Ark. 415, 68 S. W. 674, where the court, considering 'a statute similar to section 3424 of our Code, *supra,* said: "A purchaser of land from one whose title depends on a decree taken against a minor is bound with notice of his right to show cause against the decree. This statute is notice to all the world in cases where it applies, and there can be no such thing as an innocent purchaser in such cases."

Not only was S. H. Wells bound by notice of the rights of appellees, but appellants claiming under him are so bound. That Saffell and wife had actual notice of appellants' rights when they purchased the land in question from Wells, is conclusively shown by the fact appearing in this record, that they took from Wells a bond of indemnity against loss or damage should the infant parties interested (appellees), when they arrived at the age of 21 years, assert their right to the land they (Saffell and wife) purchased of Wells or any part thereof, and also binding Wells to pay all costs of a suit by said infants for that purpose.

There are other questions raised and argued on this appeal, but in the view we have taken of the case it becomes unnecessary to consider them.

For the foregoing reasons, the decree appealed from must be affirmed.

*Affirmed.*