JOHN HAMMERS *et al.*

*v.*

JAMES H. DOLE *et al.*

1. CHATTEL MORTGAGE—*foreclosure in chancery.* Where there are several successive liens and incumbrances on the same property, so that a foreclosure, by sale in the ordinary way, could not be made without injury to the adverse claimants, a court of equity may properly be called upon to determine and adjust the rights and equities of the parties.

2. SAME—*void mortgage.* The principle would remain the same even if the bill alleged all the mortgages and liens to be void except those of the complainants, since that would compel the court to determine as to the different liens. And if, on the hearing, such an allegation should prove true, it would be inequitable then to dismiss the bill, involve the complainants in costs, and remit them to their remedy at law.

3. ACKNOWLEDGMENT—*officer interested.* A chattel mortgage acknowledged before one of the mortgagees who is a justice of the peace, is void as to other mortgage creditors, for it is against the policy of the law that any officer should perform either a ministerial or a judicial act in his own behalf. It would be no answer to this objection that such mortgagee was the only justice in the township.

4. SAME—*officer wanting.* Where there is no such officer as the statute prescribes for taking the acknowledgment of a chattel mortgage, or if he be incompetent, the parties will be remitted to their rights at common law, under which all sales of personal property, unaccompanied by possession in the vendee, are absolutely void. Our statute has only changed this rule so as to permit the mortgagor to retain possession where the mortgage, properly acknowledged and recorded, provides for it.

APPEAL from the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

. This was a bill in chancery, filed in May, 1869, by James H. Dole and others, alleging the following facts: On the 2d day of July, 1868, one Joel Wheeler, since deceased, being then indebted to Salzman & French, made certain notes therefor and executed a chattel mortgage by way of security. This mortgage was acknowledged on the same day before Henry Salzman, a justice of the peace of the proper township, and one of the said mortgagees. The notes were subsequently assigned to the appellants herein.

Afterwards, on the 28th of September, 1868, Wheeler being then indebted to James H. Dole and others, executed a note to them for the amount and secured it by another mortgage on the same chattel property. Both mortgages were recorded at the same time, that of Salzman & French being No. 2189, and the other, No. 2190.

One of the Salzman & French notes became due April 1st, 1869, and the other on the 2d day of July following. The Dole note and mortgage were not due until September 28th, 1869. On the 8th of May, 1869, appellants took possession of the mortgaged property and advertised it for sale under their mortgage. This bill was filed to enjoin that sale, alleging the Salzman & French mortgage to be void, and praying

that appellees might be given a prior and first lien on the property, and on the final hearing such a decree was entered. The appeal was brought to reverse that decree.

Messrs. HARPER & CASSELL, and Mr. S. D. PUTERBAUGH, for the appellants.

Messrs. BANGS & SHAW, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellants insist upon a reversal of the decree for two reasons:

*First*—A court of equity will not entertain a bill when it shows full and adequate remedy at law.

*Second*—A court of equity will not sustain a bill to foreclose a chattel mortgage unless there are existing equities to be determined, liens and incumbrances to be adjusted, and proceeds to be distributed.

The property in controversy is of the value of over $1000, and the bill alleges that appellants have a mortgage upon the property. There are, then, successive liens and incumbrances, and if all are valid, there would be a trust fund to be distributed among the several claimants. The court was called upon to determine and adjust the rights and equities of the parties. A foreclosure, by sale in the ordinary way, could not have been made without injury to the adverse claimants. We think the right to maintain the bill is fully settled by the case of *Dupuy* v. *Gibson*, 36 Ill. 198.

But it is contended that, as the bill denies the validity of the mortgage of appellants, there can be no investigation of the matter in chancery. There is no force in the objection. The bill alleges the existence of another mortgage—an adverse claim—and then charges that the same is void. If it is not void, the holders of it must share in the fund according to the equities of the parties. The allegations in the bill necessarily compel the court to determine as to the different liens.

If, upon the hearing, it should be found that the mortgage of appellants is void, it would be folly and inequitable to dismiss the bill, involve the complainants in costs, and remit them to their remedy at law. Equity is the law of reason and can not be chargeable with so great an absurdity.

The mortgage of appellants was void as to appellees. It was acknowledged before one of the mortgagees who was a justice of the peace. This is against the policy of the law. An officer should not be permitted to perform either a ministerial or a judicial act in his own behalf. It would be an anomaly in our jurisprudence to permit a judge to render a judgment in his own favor. It might lead to grevious wrong. No officer should be subjected to such temptation. An acknowledgment of the execution of an instrument in writing, when required by law, should be made before an officer wholly disinterested. This court has decided that an officer can not execute process in his own favor. *Snydacker* v. *Brosse,* 51 Ill. 357. The reason for this prohibition will apply with equal force to the taking of an acknowledgment.

The fact, asserted, that the mortgagee was the only justice in the township, is no answer to the objection. At common law all sales of personal property, unaccompanied by possession in the vendee, are absolutely void. The statute has only changed the common law so as to permit the mortgagor to retain possession where the mortgage, properly acknowledged and recorded, provides for it. If there was no officer to take the acknowledgment, the parties would be remitted to their rights as at common law. If the justice was incompetent to act, the same result follows. *Frank* v. *Miner,* 50 Ill. 444.

In this case there is no proof of fraud or bad faith on the part of appellees. They are *bona fide* mortgagees, and are entitled to the relief prayed for.

The decree is affirmed.

*Decree affirmed.*