## SEAMAN *v.* ENTERPRISE FIRE & MARINE INS. CO.

*(Circuit Court, E. D. Missouri.*   September 20, 1883.)

INSURANCE—CORPORATIONS—STOCKHOLDERS HAVE INSURABLE INTEREST.

    A stockholder in a private corporation has an insurable interest in the corporate property.

Demurrer to Petition.

*Madill & Ralston,* for plaintiff.

*Given Campbell,* for defendant.

McCRARY, J., *(orally.)*   This case is before the court upon a demurrer to the petition.   The demurrer presents the question whether a stockholder in a private corporation has such an interest in the corporate property as will authorize him to take a policy of insurance for the protection of his interest; in other words, whether he has an insurable interest in the corporate property.   The cases in which the question as to what is an insurable interest has been discussed are numerous, and I do not propose to cite or comment upon them here.   It is sufficient to say that the tendency of the modern adjudications on the subject is in the direction of holding an insurance company responsible in every case where the insured has any such interest in the subject-matter of the insurance as would subject him to pecuniary damage or loss in the event of its destruction.   It is not necessary that the party who takes out the policy should have any title to the property insured; it is sufficient if he has such an interest in it as that by its destruction he would suffer pecuniary loss. There have been a great many attempts to define what is and what is not an insurable interest, and a great many cases, as I have said, in which that question has been discussed; but I think that what I have stated is perhaps the result of the great weight of the authority upon the subject; at all events, it is, in our opinion, the correct definition of an insurable interest.

It only remains, then, to determine whether a stockholder in a corporation may have such an interest as I have indicated.   We are very clearly of the opinion that he may.   It is true that the title to the property is in the corporation; that the beneficial interest is in the stockholders of the corporation.   The stock of a corporation represents its property, and is evidence of the right of the stockholder to receive the profits and increase of the corporate property.   It is a very plain proposition, in our judgment, that the destruction of the corporate property may entail pecuniary loss upon the stockholder, and therefore that he has a right to insure his interest as such stockholder.   In this case the property was a steam-boat, and the insured was the holder of a portion of the stock, which entitled him

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

to three-sixteenths of the corporate property. He took a policy of insurance upon that interest, valued at $4,000. Some question has been raised as to the measure of damages. It has been insisted on the part of the defendant that the corporation may be insolvent; that there may be many debts which must be paid before a stockholder can receive any dividends; and that, therefore, his interest may be nothing. We reserve all questions of this character until the trial of the cause, simply saying now that the loss of the policy-holder must be shown upon the trial by competent evidence. It is also suggested that there may be a difficulty growing out of the fact that the insurance company would be entitled to be subrogated to the rights of the stockholder, in case they pay the loss. As to whether there is a right of subrogation it is not necessary now to determine; but, if there is such a right, we have no doubt that a court of chancery possesses ample power to enforce it. The adjudications referred to, in so far as they have dealt with this question, sustain the view of the court that stockholders in a corporation may have an insurable interest in the corporate property. There have not been many cases going directly to that point, but we think it is within the authorities, and well supported by the reason of the case.

With regard to the other matters set forth in the petition we have not considered them, because counsel did not press them. It must, of course, appear that the insured had an interest in the property at the time of the loss. If that has not been averred, it will be necessary to amend the petition in that respect. The demurrer to the petition is overruled.