\*LAURA TURNER v. J. B. CONNELLY et al.

*Mortgage—Clerk—Deed, Probate of—Registration.*

When a mortgage is acknowledged, and wife's privy examination taken before a Justice of the Peace, but the adjudication that the same is in due form and the order of registration is made by a Clerk of the Superior Court, who is the mortgagee therein, the adjudication and order by the Clerk, and the registration thereunder, are void.

CIVIL ACTION, tried before *Shipp, J.,* at February Term, 1890, of IREDELL Superior Court.

*Messrs. C. H. Armfield* and *W. D. Turner,* for plaintiff.
*Messrs. H. Bingham* and *L. C. Caldwell,* for defendants.

---

\* Head-note by CLARK, J.

TURNER *v.* CONNELLY.

CLARK, J.: On the 5th of October, 1886, O. M. Connelly and wife executed to defendant J. B. Connelly a mortgage on real estate, which was acknowledged by the mortgagors before a Justice of the Peace of Iredell County, and the privy examination taken by the Justice in the regular form, and thereupon it was admitted to probate and ordered to be registered, by the Clerk of the Superior Court, who was the mortgagee in said mortgage. It was registered October 9th, 1886, and was assigned to the plaintiff by the mortgagee, as collateral security for an indebtedness of his own. In January, 1888, the defendant, to secure an indebtedness to the defendant Sherrill, assigned as collateral a mortgage to himself from O. M. Connelly and wife, on the same house and lot of the said O. M. Connelly aforesaid. This mortgage was also acknowledged before a Justice of the Peace of Iredell County, in regular form, and probated by the said J. B. Connelly, mortgagee, and also Clerk, in the same manner as the Laura Turner collateral mortgage aforesaid; but afterwards the said J. B. Connelly, Clerk, was removed from his office, as such, and one J. H. Hill was duly appointed in his place; whereupon, the defendant Sherrill re-probated and re-registered his aforesaid collateral mortgage, before the said J. H. Hill, Clerk, before the said Turner re-probated and re-registered her collateral mortgage aforesaid, before the Clerk, Hill.

The Court below being of the opinion that the adjudication and order of registration of the mortgages by the Clerk of the Court, J. B. Connelly, who was mortgagee therein, and the registration had thereby, was void, held that the junior mortgage, registered under the adjudication and order of J. H. Hill, the new Clerk of the Court, had priority over plaintiff's mortgage. Plaintiff excepted and appealed.

The facts in this case present no substantial difference to those in the case of *White* v. *Connelly*, decided at this term. For the reasons therein given, there is no error.

                                        Affirmed.