HUGHES *et al.*, *Appellants*, v. MORRIS.

Division One, May 23, 1892.

1. **Chattel Mortgage, Acknowledgment of.** The body of a conveyance may be referred to in support of a certificate of acknowledgment thereof.

2. ———: ———. The law, touching acknowledgments, requires no more than a substantial compliance with its terms.

3. ———: ———. Where a chattel mortgage shows on its face that there are two grantors, composing a partnership, and the acknowlment purports to be made by the firm, without identifying the person or persons who appeared before the officer, the instrument is not entitled to record, and is invalid as to attaching creditors.

*Appeal from Ray Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

THE action is for the recovery of specific personal property. Defendant had judgment in the circuit court, and plaintiffs appealed in due form.

The result depends on a chattel mortgage mentioned in the opinion of the court, of which the material portions are the following, viz.:

"*Chattel mortgage. With power of sale.*

"*Know all men by these presents*, that the undersigned, J. C. Mason and O. A. Barron, composing the firm of J. C. Mason & Co., Ray county, Missouri, in consideration of the sum of $6,200, to them paid by banking house of J. S. Hughes & Co., of Richmond, Missouri, do sell, assign, transfer and set over unto the said banking house of J. S. Hughes & Co., or its executors, administrators and assigns, one hundred head of beef steers [here follows description of the property in dispute] in Ray county, Missouri, upon condition, that if they pay to the said banking house of J. S. Hughes & Co., or its executors, administrators and assigns, their promissory note for $6,200, bearing date, October 22, 1887, and due four months after date (with ten-per-cent. per annum interest from maturity, till paid, if not paid when due), then this conveyance shall be void; otherwise to remain in full force and effect. [Then follow stipulations that the debtors should retain possession of the property until default, etc., and provisions for notice and sale in event of non-payment, etc.]

"In witness whereof we have hereunto set our hand and seal, this twenty-second day of November, A. D. 1887.

"(Signed)     J. C. MASON & Co.   [Seal.]

"STATE OF MISSOURI, ⎫
"County of Ray,      ⎬ ss.
                     ⎭

"Be it remembered, that on this twenty-second day of November, A. D. 1887, before the undersigned, a recorder of deeds within and for the county of Ray, aforesaid, personally came J. C. Mason & Co., who is personally known to me to be the same person whose name is subscribed to the foregoing instrument of writing as parties thereto, and acknowledged the same to be their act and deed for the purposes therein mentioned.

"In testimony whereof, I have hereunto set my hand and affixed my official seal at my office in Richmond, in said county, the day and year first above written.

  "[Seal]    JOHN MILSTEAD,
         "Recorder of Deeds."

The other facts appear in the opinion.

*C. T. Garner & Son* and *J. E. Black* for appellant.

(1) The chattel mortgage and the acknowledgment thereon, that refer to each other, must be taken and read together and be considered as one. *Carroll v. Todd*, 3 Denio, 130; *Darneal v. Vral*, 32 Ga. 589; *Petty v. Boothe*, 19 Ala. 633. And when so taken and considered the intent shown by the whole shall prevail. *Gibson v. Bogg*, 28 Mo. 478; *Brownlee v. Arnold*, 60 Mo. 79; *Lewis v. Ins. Co.*, 3 Mo. App. 372; *Bradford v. Dawson*, 2 Ala. 203. (2) The recorder took a good acknowledgment but made a clerical error in writing out the acknowledgment by inserting "& Co." after the name J. C. Mason. The added words are mere surplusage. It appears from the deed that the grantor appeared and acknowledged the mortgage. (3) An acknowledgment is not necessary to the validity of a

deed.   Its object is to admit it to record, and thus
impart constructive notice.   *Harrington v. Fortner*, 58
Mo. 468;   *Caldwell v. Head*, 17 Mo. 561.   The fact that
a mortgage was granted the plaintiff in their firm-name
does not affect its validity.   *Orr v. How*, 55 Mo. 328.
A certificate of acknowledgment must be construed
with reference to the deed it is attached to, and the deed
is always allowed to help out the construction of the
certificate when the mortgage and certificate are taken
together.   It is absolutely clear and evident that J. C.
Mason signed the deed and acknowledged it.   Martin-
dale on Conveyances, sec. 259; *Samuels v. Shelton*, 48
Mo. 444; *McClind v. McClung*, 53 Mo. 173; *Carpenter
v. Dexter*, 8 Wall. 515; *Chandler v. Spear*, 22 Vt. 388;
*Wells v. Atkinson*, 24 Minn. 161; *Sharp v. Orme*, 61
Ala. 263; *Middleton v. Findly*, 25 Cal. 80.

   *J. W. Shotwell* for respondent.

The judgment should be affirmed for the following
reasons as shown by the evidence:   (1)   The mortgage
was not acknowledged according to law.   *Sloan v.
Machine Co.*, 70 Mo. 206; *Alexander v. Merry*, 9 Mo.
514; *Keck v. Fisher*, 58 Mo. 532; *Orr v. How*, 55 Mo.
328; *Grubbs v. Cones*, 57 Mo. 83; R. S. 1889, sec. 2408,
p. 613.   (2)   The description of the property in the
mortgage is doubtful and uncertain, and no third party
could pick out the stock corn with any certainty, even
though aided by inquiry of other third parties.   (3)
The mortgage was concealed in the hands of the
mortgagee for over six months, and was not filed for
record until the very day of the levy of the Savings
Bank attachment, and was, therefore, not filed for
record within a reasonable time, as required by law.
See authorities heretofore cited.   (4)   From the evi-
dence, James C. Mason & Co. had no beef steers at

the time of the execution of this mortgage, the firm had none of the hogs, and but little of the corn, if any, seized by plaintiff's replevin writ, and taken out of the possession of the defendant Morris, as sheriff of Ray county. (5) The title to after acquired property does not pass to the mortgagee as against creditors and purchasers. *France v. Thomas*, 86 Mo. 80.

BARCLAY, J.—This is a controversy over the possession of certain personal property worth $5,444.90, as the court and jury that tried the issues on the circuit found.

Defendant is the sheriff of Ray county, claiming possession and a special property in the chattels by virtue of a levy on them, under a writ of attachment, duly issued in favor of the Ray County Savings Bank.

Plaintiffs, on the other hand, are mortgagees in a chattel mortgage (of the same property) whose validity forms the chief issue. Its terms, so far as they are material, are quoted fully in the statement preceding this opinion. All parties concede that plaintiff's case depends upon sustaining that instrument. It was executed, November 22, 1887, and recorded, May 26, 1888, at 8:30 A. M. Defendant's levy began that day and continued, May 27 and 28, 1888.

The trial judge held, in effect, that the plaintiffs' mortgage was invalid as against defendant's levy on behalf of the attaching creditor.

It will be noted that, while the instrument recites that the mortgagors, J. C. Mason and O. A. Barron, compose "the firm of J. C. Mason & Co.," no part of it identified the individual who affixed to it the firmname "J. C. Mason & Co.," nor does the certificate of acknowledgment point out the person who acknowledged the deed on behalf of the firm.

On these facts we think the trial court was right in its ruling above mentioned, in view of prior decisions.

Part of the Missouri statute touching "fraudulent conveyances" provides that:

"No mortgage or deed of trust of personal property, hereafter made, shall be valid against any other person than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee, or *cestui que trust*, or unless the mortgage or deed of trust be acknowledged or proved, and recorded in the county in which 'the mortgagor or grantor resides, in such manner as conveyances of lands are by law directed to be acknowledged or proved and recorded." R. S. 1889, sec. 5176.

Now whatever form may properly be followed in authentication of such documents, it is plain that, where the officer taking the acknowledgment proceeds upon his personal knowledge of the party before him, that party must be identified, with reasonable clearness, by the certificate, read in connection with the instrument itself. The language of the latter may be referred to in support of the certificate, if thereby uncertainty in the certificate can be removed.

The law requires nothing more than a substantial compliance with its requirements in this particular, but it is satisfied with nothing less. *Fryer v. Rockefeller* (1875), 63 N. Y. 268.

Without a proper acknowledgment the instrument was not entitled to be placed of record, and did not impart constructive notice of its contents.

One of the objects of requiring acknowledgment and record of such documents (to make them effective as to third parties) is to furnish clues for the investigation of transactions in which chattel mortgages figure

where the property remains in the same possession as before.

Part of the information which such publicity is intended to impart concerns the execution and attestation of the instrument itself. Hence, the officer is required to certify to the identity of the party making the acknowledgment. So important is this regarded that our laws make it a highly penal offense to "wilfully certify that any such conveyance or instrument was acknowledged by any party thereto, when in truth no such acknowledgment was made," or to "wilfully certify falsely in any material matter contained in any certificate" * * * "of acknowledgment," etc. R. S. 1889, sec. 3631.

From the whole instrument before us, we see that the firm of mortgagors consisted of two members, but no one can tell from the certificate or otherwise which of them acknowledged it. The case seems to us, therefore, to fall within the control of the principle stated in *Sloan v. Owens, etc., Co.* (1879), 70 Mo. 206. In that case the very facts now presented are mentioned by way of illustrating the point expressly ruled.

We regard that decision conclusive of the present appeal. Without pausing to consider other questions raised in the very able and interesting briefs submitted by counsel, we affirm the judgment. Chief Justice SHERWOOD and BLACK and BRACE, JJ., concur.