## J. P. HOLDEN *v.* J. P. BRIMAGE ET AL.

1. TRUST-DEED. *Acknowledgment; taken before trustee. Invalidity.*

   An acknowledgment to a trust-deed taken before an officer who is himself trustee therein, with power of sale to pay debts, is void, and does not entitle the deed to be recorded. *Wasson* v. *Conner,* 54 Miss., 351, cited.

2. REPLEVIN. *Trust-deed. Proof of execution. Evidence.*

   Where plaintiff in replevin, claiming under a trust-deed executed by several, but improperly acknowledged, offers evidence of an admission by one of the grantors that he had executed it, but the trust-deed is not thereafter offered in evidence, and the property described in it is not identified as belonging to that grantor, judgment is properly rendered for defendant.

3. CONTINUANCE. *Refusal; when not error. Application.*

   This court will assume that a continuance was properly refused, if the application therefor does not appear in the record. The mere recital in the bill of exceptions that the party moved for a continuance on account of the absence of material witnesses, and that it was denied, does not show error.

FROM the circuit court of Rankin county.
HON. A. G. MAYERS, Judge.
The case is stated in the opinion.

*Wm. Buchanan,* for appellant.

1. Notwithstanding the acknowledgment was not sufficient to entitle the trust-deed to be recorded, the deed is good between the parties and those claiming under them. 18 Fla., 587; 56 Mo., 196; 58 *Ib.,* 565; 82 *Ib.,* 488; 1 Am. & Eng.

Enc. L., 146, note.   It would be valid *inter partes* if not ac-
knowledged at all.   Code 1892, § 2457; 146 Pa., 451.

2. The power to appoint a new trustee was properly exer-
cised by Lovelace & Berry.   The power was personal, and
could not be transferred.   *Clark* v. *Wilson*, 53 Miss., 119;
*Hartley* v. *O'Brien*, 70 *Ib.*, 825; Perry on Trusts, § 294.

3. Actual execution of the trust-deed by Brimage was shown.
If further proof of execution was necessary, the application for
continuance to another day should have been granted.

*Williamson & Potter*, on the same side.

*H. S. Cole* and *P. Henry*, for appellees.

The trust-deed was properly excluded, because it was ac-
knowledged before the trustee.   *Wasson* v. *Conner*, 54 Miss.,
351; 1 Am. & Eng. Enc. L., 145.   Besides, Lovelace &
Berry having parted with their interest in the trust-deed, could
not appoint the trustee.

2. The application for a continuance was properly overruled.
There was no affidavit, and nothing showing due diligence.
The testimony as to the admission by Brimage that he executed
the trust-deed was not sufficient.   There was no evidence as to
the other grantors.

COOPER, C. J., delivered the opinion of the court.

The appellant, claiming to be substituted trustee under the
provisions of a deed of trust, to secure the payment of a certain
note, executed by the appellees on January 30, 1891, to W.
E. Traylor, as trustee, instituted this action of replevin for the
recovery of the personal property conveyed by said deed.

On the trial of the cause the plaintiff offered in evidence the
deed, which was objected to on the ground that it had been ac-
knowledged before the trustee, W. E. Traylor, which acknowl-
edgment was, because of the incapacity of said trustee to take
and certify the same, not competent evidence of its execution,

and because no other evidence was offered to prove the execution thereof. This objection was sustained, and the deed excluded, and thereupon, as appears by the statement of the bill of exceptions, the cause was continued until the sixth day of the term. On that day the plaintiff applied for a continuance, because of the absence of the appellees and one P. B. Berry, for whom subpœnas had issued, and by whom the plaintiff expected to prove the execution of the deed. The continuance was refused, and thereupon, as the bill of exceptions states, "Wm. Buchanan,. attorney for the plaintiff, then testified on the part of the plaintiff, that he a few days ago exhibited the note and deed of trust afterwards offered in evidence herein, to J. P. Brimage, one of the defendants, and that said J. P. Brimage told witness that he signed said note and deed of trust in his own handwriting, and acknowledged the same before W. E. Traylor, justice of the peace, at the time they purport on their face to have been signed and acknowledged. This was all the evidence in the cause, and the court then gave judgment for the defendants."

The deed of trust was properly excluded when offered in evidence. The effect of an acknowledgment is to entitle the instrument to recordation, and also to dispense with other proof of its execution. In *Wasson* v. *Connor*, 54 Miss., 351, it was said by this court that "whatever may be said of the receiving for record and recording a deed, it is evident that the taking of an acknowledgment of a grantor is a *quasi* judicial act, and cannot be performed by the grantee in the deed. The officer who takes an acknowledgment acts in a judicial character in determining whether the person representing himself to be, or represented by someone else to be, the grantor named in the conveyance, actually is the grantor. He determines, further, whether the person thus adjudged to be the grantor does actually and truly acknowledge before him that he executed the instrument. By his certificate he makes an official record of his adjudication on these points which cannot be impeached

by himself, and sometimes cannot be impeached by the grantor. *Johnston* v. *Wallace*, 53 Miss., 331. Inasmuch as no man can be a judge in his own case, it follows that the grantee in a deed can never act as an officer in taking an acknowledgment to the conveyance.''

In *Wasson* v. *Connor* the acknowledgment was taken by the *cestui que trust* in a deed executed to a trustee to secure the payment of debts. In *Jones* v. *Porter*, 59 Miss., 628, the acknowledgment was taken by the husband of the grantee, who was the procuring cause of the conveyance, and it was held that he was disqualified to act.

In the present case, the acknowledgment was made before the trustee, and the only question presented is whether this distinguishes the case, in principle, from those above noted. The precise question has not been presented in this court, but it has frequently arisen elsewhere, and, so far as we have seen the cases, it has been held that when, as here, the conveyance is to a trustee, with power of sale conferred on him for the payment of debts, the trustee is disqualified, as any other grantee would be, to take the acknowledgment of the grantor. *Stevens* v. *Hampton*, 46 Mo., 404; *Brown* v. *Moore*, 38 Texas, 645; *Tavenner* v. *Barrett*, 21 W. Va., 656; *Bowden* v. *Parrish*, 86 Va., 67; 19 Am. St. Rep., 873; note to *Withers* v. *Baird*, 32 Am. Dec., 754.

In the text of the Am. & Eng. Enc. L., vol. 1, p. 145, it is stated that a trustee may take the acknowledgment, but the cases cited (*Bennett* v. *Shipley*, 82 Mo., 448, and *Darst* v. *Gale*, 83 Ill., 136) are, if authorities at all, directly opposed. But since the execution of the deed in those cases was proved as a fact, what was said as to the incapacity of the trustee to take the acknowledgment was probably not decisive.

What we have said practically disposes of this appeal, for, although on the day of the term to which the case was postponed, the attorney for the plaintiff testified that one of the grantors had admitted the execution of the deed, the deed

was not thereafter tendered in evidence as the deed of such party, and no effort was made to identify any of the property described in the deed as the property of that grantor.

The mere statement in the bill of exceptions that the plaintiff moved for a continuance of the cause on account of the absence of the witnesses, and that the application was denied, does not show error in the action of the court. For anything that appears in the record, the refusal of the court may have been because the application did not disclose facts which entitled the plaintiff to a continuance. Since the application does not appear in the record, we must presume it was rightly refused.

*The judgment is affirmed.*