JUNE TERM, 1895.        575

Fla. Sav. Bk. & Real Es. Ex. v. Rivers et ux.—Argument of Counsel.

FLORIDA SAVINGS BANK AND REAL ESTATE EX-
CHANGE, APPELLANT, VS. MARCH RIVERS ET UX.,
APPELLEES.

1. The acknowledgment of a deed can not be taken by a grantee,
   or party interested therein.

2. It is not necessary that a director or managing agent of a corpo-
   ration should be a stockholder therein unless it is expressly re-
   quired by statute or charter of the company.

3. In a suit to foreclose a mortgage executed to a corporation or-
   ganized under the general laws in force prior to June, 1888, it
   appeared that the acknowledgment of the mortgage was taken
   by the vice-president of the corporation, and the court ruled
   that as he was vice-president he must have been a stockholder
   and a party interested in the mortgage, and for that reason the
   instrument was not acknowledged at all: *Held*, That the con-
   clusion, from the fact stated was erroneous.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the
court.

*W. B. Owen*, for Appellant.

I. The second assignment of error questions the pro-
priety of the order made dismissing the bill, and un-
der that assignment we will consider the defenses set
up by the answer with a view to determining whether
they justified the court's decree.

The defendant, Fontie Rivers, in her answer and in
her testimony, denies that she owes the mortgage debt,
but it appears affirmatively that her husband, March
Rivers, does owe the debt; that he received the money
loaned by appellant on the security of this property,
and that he signed the note; and this indebtedness was
a sufficient consideration for the mortgage, whether
the title was in him, or whether it was vested in her by

virtue of the deed to her from John H. Hall, offered in evidence. Dzialynski vs. Bank of Jacksonville, 23 Fla. 346; Mattair vs. Card, 18 Fla. 761.

II. The defendant, Fontie Rivers, affirms in her answer that she never executed the particular mortgage, and also that she never executed a mortgage to appellant upon the particular *parcel* of land described in the mortgage; but the evidence is as *four* to *one* against her upon the fact of the execution of the mortgage by her; and her attempt to shift her ground of defense by testifying that Greeley read the mortgage as calling for the "east half" instead of the "north half" is met by a square denial from Greeley, whose testimony is more consistent with the physical facts of the case, because it appears that the "east-half" had no frontage on any street, and was inaccessible. Greeley's testimony is also supported by that of March Rivers. The burden was upon Fontie Rivers to show the perpetration of the fraud.

III. Fontie Rivers alleges in her answer that March Rivers had no title to the mortgaged property, and that the fee simple was in her. Certainly the deed of October, 1887, from John H. Hall to March Rivers was effectual to vest the title in him, and if Fontie Rivers obtained any interest by virtue of her deed of November, 1887, from the same person, it could have only been because she took her deed and paid value without notice of the deed to March Rivers, of which there is no proof. Even though the fee simple was in her, still the mortgage was executed upon sufficient consideration, for the reason explained in the first paragraph.

IV. It is also alleged that the mortgage is void upon its face, but if it is we do not perceive the reason why.

It is sufficiently signed, sealed and attested.    Buckner vs. Macady, 2 Leigh, 489.

The certificate of the notary is as full and complete as the statute requires, whether the property is the husband's or the wife's.    McClellan's Digest, page 755, sec. 9; *Id*. 478, sec. 14; Evans vs. Summerlin, 19 Fla. 858.

Some stress is laid o n the fact that the certificate does not recite that the grantors were known to the notary, but this is not required when the acknowledgment is taken within the State.    McCay vs. Baley, 21 Fla. 803.

Fontie Rivers swears, also, that her husband was *present* when her acknowledgment was taken by the notary, but there is no testimony to support her, and the certificate of the officer alone disposes of that defense without the help of the sworn statement made by Rollins, in which he swears that her husband was not present.    Shear vs. Robinson, 18 Fla. 379; Hart vs. Sanderson, 18 *Id*. 103.

V. But it is on neither of the issues raised by the pleadings in this cause that the Chancellor's decree is based, but on the statement of Greeley that John F. Rollins was the vice-president of the appellant corporation at the time he took the acknowledgment of Fontie Rivers.

There is neither a special nor a general allegation in the answer that this deed was void because the acknowledgment was taken by the vice-president of the corporation; although it is alleged generally "that the so-called mortgage is void upon its face and of no force and effect, as will appear by the statute of this State touching conveyances of real estate," yet it could not be contended for a moment that it was intended by

37

this allegation to impeach the validity of the deed by reason of Rollins' connection with appellant; for it does not *appear upon the face of the deed* that he was vice-president, and certainly no one could imagine from reading this allegation that such a defense would be raised, and indeed this statement from Greeley seems to have been elicited by the defendant rather accidentally; for her attorney did not introduce any evidence upon this point when he put in his testimony in chief, but upon a cross-examination of Greeley, who was called to rebut the evidence offered by defendant.

Some advantage may be sought to be taken of the fact that the appellant did not object to the admission of this testimony, but it could be replied that such testimony was clearly admissible for the purpose of affecting the weight of Rollins' testimony as a witness for appellant, and for that reason an objection would have been improper. And doubtless the appellant thought that the object of drawing out this testimony was merely a feeble attempt to affect the weight of Rollins' testimony, and not deeming it of any greater significance did not deem it necessary to show that he was not *vice-president*, or that he was not a *stockholder;* for what was there to put appellant on notice of the proposed use of this evidence? There was no allegation in the answer suggestive of such a defense; the defendant did not offer any testimony in chief on this point, which alone would have been sufficient to put appellant on the *qui vive*, and the fact that this evidence was elicited on the cross by defendant and treated as the most trivial and unimportant matter, was certainly calculated to surprise appellant, and no doubt did surprise them.

The consideration of this evidence by the court is the first error assigned.

It is a well settled and highly important rule of chancery practice, that a party is not to be surprised by proof offered by his adversary which is not in accordance with some charge in the pleadings; and that a decree entirely outside the issue raised in the record is *coran non judicie*, and will be so adjudged even when assailed in a collateral proceeding. St. Andrews Bay Co. vs. Campbell, 5 Fla. 567; Monday vs. Vail, 5 Vroom, 418; Underhill vs. Vancortland, 2 Johns Ch'y. 355; Dillard vs. Harris, 2 Tenn. Ch'y. 196; Mayo vs. Harding, 3 Tenn. Ch'y. 237; Smith vs. Clark, 12 Vesey, 477, 480; II Dan. Ch'y. Prac., 853 to 860 (fifth edition).

VI. It is insisted by appellant that the court erred in concluding that because Rollins was vice-president of the corporation that therefore he was a stockholder in the concern.

There is no evidence in the record to sustain such a conclusion. There is no provision in the general incorporation law of the State which requires the vice-president of a corporation to be a stockholder. Under the common law it was not necessary for an individual to be a stockholder in order to be eligible as vice-president. Morawitz on Corporations, sec. 505; State vs. McDonald, 22 Ohio State, 354; *Re* St. Lawrance Steamboat Co.. 44 N. J. Law, 529, 541.

VII. The fourth, fifth and sixth assignments of error may be considered together.

It must be manifest that if Rollins was not a stockholder in the corporation, that the mere fact that he was an officer of the corporation would not be sufficient to disqualify him to take the acknowledgment of Fontie Rivers or to be a witness to the deed, for

under such circumstances he was a mere agent for the corporation, and he was not acting in the line of such agency when he took the acknowledgment but as an officer of the State, and he was perfectly competent as a witness to the deed, and had full authority to take a valid acknowledgment to the deed. National Fire Ins. Co. vs. Crane, 16 Maryland 260; Wainwright vs. Straw, 15 Vt. 215; Greenleaf on Evidence, sec. 333.

Any salary which Rollins might have been entitled to receive as vice-president would not have disqualified him. Meyer vs. Fogg, 7 Fla. 292.

The reason of the law which forbade a corporation created for private emolument, from being a witness to a deed to such corporation was the common law doctrine, which prevented such a person from testifying in court in behalf of the corporation, and such disqualification has been removed by statute. Winsted vs. Savings Bank, 26 Conn. 195.

No Appearance for Appellee.

MABRY, C. J.:

In November, 1889, a bill was filed by the appellant bank against the appellees for the purpose of foreclosing a mortgage on a lot of land situated in the county of Duval in this State. The bill was amended after demurrer thereto was sustained for formal defects, and as amended alleged that appellees, being indebted to the bank, executed to it on the 12th of June, 1888, a promissory note for a sum of money mentioned, and to secure the same executed a mortgage on the north half of the north half of lot 182, block 27, in the village of Oakland, as recorded in Book E, page 443 of Duval county. The bill alleges the maturity of the note and its non-payment, and prays for a decree for

the amount due, with interest, costs and attorney's fees, as provided for in the mortgage.

The wife alone answered, and she denied that she was indebted to the bank in the sum of money mentioned, or that she executed the mortgage mentioned in the bill. She also alleges that she did not execute a mortgage on the land described in the bill; that said land belonged to her in her own right, and not to her husband, and he had no interest in the same except such as he might have by virtue of the marital relation. The answer was also asked to be considered as a demurrer to the bill, and it is alleged that the mortgage was void upon its face, as will appear by the statute of this State touching conveyances of real estate.

After the testimony was taken the court dismissed the bill, and the bank has appealed.

There is no apparent defect on the face of the mortgage, and its execution by the wife is in proper form under the laws of this State. Both husband and wife signed the note, but it is conceded that the former owed the debt and executed the note. The acknowledgment of the mortgage was before John F. Rollins, Notary Public, and J. C. Greeley testified on cross examination that when the mortgage was executed Rollins was vice-president of the bank.

The sole ground upon which the chancellor based his decree dismissing the bill is, as stated by him; that the mortgage was not executed as required by the statutes of this State. The decree states that "the evidence shows that the officer taking the acknowledgment was the vice-president of the complainant corporation, the grantee in the mortgage, and must therefore have been a stockholder and a party in interest." The conclusion reached was that the execution of the

mortgage by the wife was void because made before an officer interested in the instrument, and as it further appeared from the evidence that the parties signing the same lived on the lot therein described as a home, it was void *in toto* as not being a joint conveyance of the homestead by husband and wife. If the execution or acknowledgment of the mortgage by the wife was void for the reason stated, the other conclusion as to its effect would seem to follow. There is no direct testimony in the record that Rollins was a stockholder in the bank, and, in fact, there is no other evidence on this subject than the statement of Greeley on cross-examination that Rollins was at the time the mortgage was executed vice-president of the bank. The conclusion of the court was, that if Rollins was vice-president he must be a stockholder, and therefore interested in the mortgage. We are of the opinion that the court was in error in concluding that because it was shown that Rollins was vice-president he was therefore a stockholder. It is alleged, and not denied, that the bank was a corporation organized under the laws of the State of Florida, and we find no provision in the statutes that must have been applicable to the organization of this bank requiring a vice-president to be a stockholder therein. Under the facts admitted by the pleadings appellant must have been organized under the general incorporating acts in force prior to June, 1888, and what its by-laws were we have no information. It is stated in Morawetz on Private Corporations (sec. 505) that "it is not necessary that a director should be a shareholder also, unless this be expressly required by the company's charter, and a director may at the same time act as secretary or managing agent, unless this be expressly prohibited." In the case of National Fire Insurance Co. vs. Crane, 16 Md. 260, S.

C. 77 Am. Dec. 289, a question arose as to the right of the president and secretary of the company to testify for it under the law as it formerly existed excluding interested parties from testifying, and it was held that such officers not being stockholders could testify. It appeared that the officers mentioned had divested themselves of all shares in the company before testifying, and that the charter and by-laws did not require them to be stockholders. It was also held in Ohio that it was not necessary for directors to be stockholders in a corporation existing under a statute requiring only that they should be residents of the State. The decision was that the statute only required the directors to be residents of the State, and in the absence of a statute requiring it, the discretion of the stockholders in electing directors was not limited to stockholders. State *ex rel.* vs. McDaniel, 22 Ohio St. 354.

In the absence of any showing as to the eligibility of the vice-president required by the articles of incorporation or by-laws of the bank, we do not see that it can be assumed as matter of fact or of law that because Rollins was vice-presidsnt, he was also a stockholder. Without such assumption it can not be said that Rollins was interested in the mortgage, and his certificate of acknowledgment was for that reason void. It is clearly established that a grantee in a deed, or a party interested therein, can not take an acknowledgment of the deed. Hogans vs. Carruth, 18 Fla. 587; Tiedeman on Real Property, sec. 810. In the present case we do not deem it necessary to say what would have been the effect of the acknowledgment taken by Rollins if it had been sufficiently shown that he was a stockholder in the bank. On the record before the

court it was error to assume that Rollins was a stock-holder, and therefore interested in the mortgage.

The case is not argued here for appellees, and as we find that the court erred in dismissing the bill on the ground stated, the decree will be reversed without reference to any other questions.

It is ordered accordingly.