## KOTHE ET AL. *v.* KRAG-REYNOLDS COMPANY.

[No. 2,470. Filed May 25, 1898.]

NOTARIES.—*Corporations.—Acknowledgment Taken by Officer of Corporation.— Chattel Mortgage.—* An acknowledgment of a chattel mortgage given to a corporation, taken by the secretary thereof, who was also a stockholder of the corporation, is void under the pro-

vision of section 8041, Burns' R. S. 1894, although such corporation is not possessed of banking powers.  *pp. 298-308.*

CHATTEL MORTGAGE.—*Corporations.*—*Acknowledgment by Officer of Corporation.*—*Notice.*—The acknowledgment of a chattel mortgage by the secretary of the corporation to which the mortgage is executed, the secretary being also a stockholder in the corporation, does not entitle the mortgage to be recorded, and the record thereof does not constitute notice to subsequent lien holders.  *pp. 308, 309.*

From the Hancock Circuit Court.    *Reversed.*

*M. W. Hopkins,* for appellants.

*Hord & Perkins,* for appellee.

WILEY, J.—In this action, as originally commenced, the appellee, Krag-Reynolds Co., was plaintiff, and the appellant, Walter Claytor, defendant, and the action was in replevin to recover the possession of certain personal property described in the complaint.    A writ of replevin was issued, the necessary bond filed, and the sheriff took possession of the property described in the complaint and writ, and delivered the same to appellee.    Whereupon appellants, George Kothe, Charles W. Wells, George Bauer and William Kothe, Jr., who are partners doing business in the firm name of Kothe, Wells & Bauer, filed a petition asking the court to be made parties defendant in said cause, which petition was granted, and they were accordingly made defendants.    Thereupon the appellee filed its amended complaint, which is in the usual form of a complaint in replevin, in which it was averred that it was entitled to the immediate possession of all the property therein described, which consisted of a general stock of merchandise, etc.    Appellants, Kothe, Wells & Bauer, then filed a cross-complaint, wherein it was charged that they were the owners and entitled to the possession of the property described in appellee's complaint, by virtue of a mortgage duly executed to them by Walter Claytor and his wife.    The prayer

of their cross-complaint is that they have judgment against the plaintiff for the possession of the goods, and in case the return of the property cannot be had, that they have judgment against the plaintiff for its value, to wit, $1,000.00, etc.

As no question is in the record as to the sufficiency of the pleadings, it is only necessary to say that the case was put at issue by a general denial filed to the complaint, and a general denial by appellee to the cross-complaint. Upon the issues thus joined, the cause was submitted to the court for trial, and upon proper request, the court made a special finding of facts and stated its conclusions of law thereon.

So far as the facts are pertinent to the only question in the case for our decision, they are as follows: That the appellee was on the 14th day of September, 1895, prior thereto, and still is a corporation organized under the laws of this State, but without banking powers; that on October 14, 1895, and up to and including October 25, 1895, the firm of Walter Claytor & Co. was doing business selling groceries and other goods at retail, in Hancock county, Indiana; that on October 15, 1895, appellee made a formal demand on Walter Claytor & Co. for the delivery to it, under a chattel mortgage executed by said firm of Walter Claytor & Co., in favor of appellee, of the property described in its complaint; that said Walter Claytor refused to deliver up the possession thereof; that said stock of goods was covered by a certain chattel mortgage which was executed to secure the payment of a note of $958.48, given by the firm of Walter Claytor & Co. to appellee, said note being dated September 14, 1895; that when said demand was made, appellee was the owner and holder of said note and mortgage, and that said note was due and unpaid; that in said mortgage it was stipulated that until the

maturity of the note the said Walter Claytor & Co. should have the right to the possession of the goods described in said mortgage, but if said note was not paid at maturity, then the appellee should have the right to take and keep possession of such goods, etc., and they should become the absolute property of it. It was further stipulated in said mortgage, that upon failure to pay said note at maturity, appellee should have the right to the immediate and unconditional possession of the goods, and was authorized to sell the same at public sale and apply the proceeds thereof to the payment of said debt; that said mortgage was executed September 14, 1895, and acknowledged the same day by said Walter Claytor for and on behalf of said firm of Walter Claytor & Co., before W. W. Krag, a notary public; that said mortgage was duly recorded in the office of the recorder of Hancock county on September 24, 1895; that said W. W. Krag was at the time of taking such acknowledgment, a notary public in and for Marion county, Indiana, and that at said time there was outstanding one hundred shares of the capital stock of appellee, which was issued to the said W. W. Krag, part of the said shares being issued to him in the name of William Wallace Krag; and that at the time said acknowledgement was taken the said William Wallace Krag or W. W. Krag, being one and the same person, was a stockholder and director and the secretary of appellee company; that on the 2nd day of October, 1895, the appellants, George Kothe, Charles W. Wells and William Kothe, Jr., were the owners and holders of a promissory note for $688.39, given by said Walter Claytor & Co., payable one day after the date thereof, and also a certain chattel mortgage executed by said Claytor & Co. on said day to said firm to secure the payment of said note, and that said mortgage covered and embraced the

same goods, merchandise, etc., as those described in appellee's complaint; that said mortgage was duly executed and acknowledged and recorded; that no part of the indebtedness of said Walter Claytor & Co. to the appellee, or to said firm, has been paid; that on October 5, 1895, a writ of replevin was duly issued, and on the 6th day of October, 1895, the sheriff seized and took possession of the property described and covered by said mortgage in favor of •appellee, said property also being described in the mortgage executed in favor of Kothe, Wells & Bauer, and the appellee having given bond, said property was delivered to it, and that said property was wrongfully detained by said Walter Claytor & Co.; that the said property so taken and delivered to appellee, the appellee advertised for sale according to the terms of said mortgage, and at the time and place mentioned in such notice of sale, it offered said property at public sale, and the appellee, being the highest bidder thereon, bid said property in for $675.00, but that the actual value of said property was $900.00, and that by the detention of said property the appellee sustained damages of one dollar.

It is further found that said property was not taken for a tax assessment, etc., against the property of the appellee, and that the same was detained in the county of Hancock, State of Indiana, from the appellee. Upon the facts thus found the court stated its conclusions of law as follows: (1) That said mortgage executed by Walter Claytor & Co., in favor of the appellee is a valid mortgage, not only against the appellant Walter Claytor, but also against all persons whomsoever, including the appellants. (2) That at the time this action was commenced appellee was, and ever has been, and now is, entitled to the possession of the property described in the complaint. (3) That

as against the appellee, the appellants Kothe, Wells and Bauer, acquired no right to the possession of the goods, etc., taken possession of by the sheriff under the writ of replevin. (4) That the lien of the defendants Kothe, Wells and Bauer, under their said mortgage, was subordinate to the lien of the appellee under its mortgage. (5) That the appellee is entitled to judgment in its favor for the possession of the said property seized under said writ and one dollar damages.

The appellants, Kothe, Wells and Bauer, excepted to each conclusion of law, and have assigned error as follows: "That the court erred in the conclusions of law and each of them stated upon the special finding of facts." The appellant Claytor has not assigned error, and is not making any contest in this appeal.

It appears from the special finding that when appellee's mortgage was executed, and the acknowledgment thereof taken by W. W. Krag, appellee was a corporation; that said Krag was a stockholder therein, and secretary thereof, and it is upon these facts that the appellants, Kothe, Wells and Bauer, base and rest their only contention. It is very earnestly insisted that because W. W. Krag was a stockholder and the secretary of appellee corporation, he was inhibited from acting as notary public in taking the acknowledgment of the mortgage, under which appellee claims, that such acknowledgment was a nullity and did not entitle the mortgage to record. As to the appointment and general powers and authority of notaries public, we need not advert, further than to say that in this State they are regulated by statute.

In 1852 the legislature passed an act entitled, "An act providing for the appointment of notaries public and defining their powers and duties." Section 7 of that act was as follows: "No person holding a lu-

crative office, or being an officer of any bank, corporation, or association possessed of any banking powers, shall be a notary public; and his acceptance of any such office shall vacate his appointment as notary."

In 1891 the above section was amended, and as amended is as follows: "No person, being an officer in any corporation or association, or in any bank possessed of any banking powers, shall act as a notary public in the business of such bank, corporation or association. No person holding any lucrative office shall be a notary public, and his acceptance of any such office shall vacate his appointment as notary." Acts 1891, p. 335. See section 8041, Burns' R. S. 1894 (5966, Horner's R. S. 1897). In the enactment of this statute, the legislature evidently intended to remedy an existing, or provide against a possible evil. Without entering into any detailed or lengthy discussion of evils that might arise by officers of corporations acting as notaries public in the business thereof, it is sufficient to suggest that there is good reason and wise policy in the statute quoted. The relations that an owner of stock and an officer of a corporation bear toward such corporation are such as ordinarily preclude him from acting as a notary public in taking an acknowledgment of a mortgage or other instrument which inures to the benefit of the corporation, and in our judgment this is just what the legislature intended to prevent by the passage of the statute quoted.

Section 2108, Burns' R. S. 1894, provides a penalty for an officer or an employe in any bank, corporation or association possessing banking powers, acting as a notary public in the business of such bank, etc. It is certainly the spirit of the statute and the policy of the law, that notaries public should not act as such

in their official capacity, where they have a personal interest that may be affected thereby.

In the case before us, W. W. Krag was not only an officer of appellee corporation, but he was a stockholder and director, owning one hundred shares of its capital stock. There is no denying the fact, it seems to us, that Krag was an interested party, because the mortgage inured to the corporation, and consequently to him, as a stockholder, etc. In *Skelton School Commissioner* v. *Bliss*, 7 Ind. 77, it was held that an act done by a public officer is void when it is performed in disobedience to a statute containing a positive prohibition, or to one which though not containing words of positive prohibition, imposes a penalty for the doing of the act. In the same case it was further held that where an act is done in the execution of a statutory power of a limited and particular nature, the provisions of the statute must be pursued, or the act will be void. See, also, *State, ex rel.*, v. *State Bank*, 5 Ind. 353; *Case* v. *Johnson*, 91 Ind. 477. And so it has been held that an act done in violation of a statute or for the doing of which a penalty is provided, is illegal and void, and of many cases so holding, we cite the following: *Cassaday* v. *American Ins. Co.*, 72 Ind. 95; *Rising Sun Ins. Co.* v. *Slaughter*, 20 Ind. 520; *Hoffman* v. *Barks*, 41 Ind. 1; *Union Central Life Ins. Co.* v. *Thomas*, 46 Ind. 44; *Williams* v. *Cheney*, 8 Gray 206; *Buxton* v. *Hamblen*, 32 Me. 448; *Aetna Ins. Co.* v. *Harvey*, 11 Wis. 412.

We think the great weight of authority is to the effect that an acknowledgment must be held void when taken by an officer who is disqualified to act, or who is a party in interest. In *Hubble* v. *Wright*, 23 Ind. 323, it was held that where the execution of a mortgage was acknowledged before one of the mortgagees, such acknowledgment was void. In Maine it was

held that the acknowledgment of a deed by one of the grantees was a void acknowledgment and left the deed operative alone between the parties to it. *Beaman* v. *Whitney,* 20 Maine 413. There are many authorities holding that the acknowledgment of an instrument, taken before an officer who is a party to the instrument, or who is beneficially interested in the same directly or indirectly, is a void acknowledgment. *Bowden* v. *Parrish,* 86 Va. 67, 9 S. E. 616; *Davis* v. *Beazley,* 75 Va. 491; *Hammers* v. *Dole,* 61 Ill. 307; *Beaman* v. *Whitney, supra; Wilson* v. *Traer & Co.,* 20 Ia. 231; *Wasson* v. *Connor,* 54 Miss. 351; *Brown* v. *Moore,* 38 Tex. 645; *Long* v. *Crews,* 113 N. C. 256, 18 S. E. 499; *Clinch River Veneer Co.* v. *Kurth,* 90 Va. 737, 19 S. E. 878; *Groesbeck* v. *Seeley,* 13 Mich. 329; *Griffith* v. *Ventress,* 91 Ala. 366, 8 South. 312, 11 L. R. A. 193; *Jones* v. *Porter,* 59 Miss. 628; *City Bank etc.,* v *Radtke,* 87 Ia. 363, 54 N. W. 435; *Smith* v. *Clark,* 100 Ia. 605, 69 N. W. 1011; *Miles* v. *Kelley* (Tex. Civ. App.), 40 S. W. 599; *Nicholson* v. *Gloucester Charity School,* 93 Va. 101, 24 S. E. 899; *Florida Savings Bank* v. *Rivers,* 36 Fla. 575, 18 South. 850; *Horbach* v. *Tyrrell,* 48 Neb. 514, 67 N. W. 485; *Sample* v. *Irwin,* 45 Tex. 567; *Winsted Savings Bank* v. *Spencer,* 26 Conn. 195; *Bank* v. *Porter,* 2 Watts 141; *Bank of North America* v. *Wycoff,* 4 Dall. 151, *Rothschild* v. *Daugher,* 85 Tex. 332, 16 L. R. A. 719, 20 S. W. 142; *Tavenner* v. *Barrett,* 21 W. Va. 681; *Dail* v. *Moore,* 51 Mo. 589; *Black* v. *Gregg,* 58 Mo. 565; *Wills* v. *Wood,* 28 Kan. 400; *Hubble* v. *Wright, supra.*

As analogous to the rule established by the above authorities, it has also been held that a trustee named in a deed of trust is incompetent to take the acknowledgment of the grantor. *Stevens* v. *Hampton,* 46 Mo. 404; *Black* v. *Gregg, supra; Haney* v. *Alberry,* 12

Cent. Law J. 39; *Bennett* v. *Shipley*, 82 Mo. 448; *Rothschild* v. *Daugher*, *supra; Clinch River Veneer Co.* v. *Kurth*, *supra; Tavenner* v. *Barrett*, *supra.*

In Florida the acknowledgment of a deed taken by the grantee therein, was held to be void. *Hogans* v. *Carruth*, 18 Fla. 587. To the same effect is the case of *Green* v. *Abraham*, 43 Ark. 420. In Illinois and Iowa it has been held that the acknowledgment of a chattel mortgage taken before one of the mortgagees is void. *Hammers* v. *Dole*, *supra; City Bank, etc.*, v. *Radtke*, *supra.* And we might remark here that the statutes in Illinois and Iowa on the subject of the powers and duties of notaries public are very similar to ours. In Mississippi it was held, that where a conveyance was made to a trustee, with the power of sale for the payment of debts, such trustees is disqualified, as any other grantee would be, to take the acknowledgment of the grantor. *Holden* v. *Brimage*, 72 Miss. 228, 18 South. 383. In *Haney* v. *Alberry*, *supra*, it was held that the record of a deed acknowledged before a party thereto, was not evidence against one who had no actual knowledge thereof. In North Carolina it was held that where a mortgage is acknowledged, and a privy examination taken before a justice of the peace, but the adjudication that the same is in due form and the order of registration are made by a clerk of the superior court, who is the mortgagee therein, the adjudication and order by the clerk, and the registration therein, are void. *White* v. *Connelly*, 105 N. C. 65, 11 S. E. 177; *Turner* v. *Connelly*, 105 N. C. 72, 11 S. E. 179. In *Nicholson* v. *Gloucester Charity School*, *supra*, it was held that the recordation of a deed of trust is ineffective as constructive notice, where the officer who took the acknowledgment was the trustee in the deed. Where a chancery clerk took an acknowledgment of a trust deed, where such chancery clerk was

the beneficiary, it was held void. *Wasson* v. *Connor*, 54 Miss. 351. And so it has been held that an attempted acknowledgment of a trust deed before a notary public, who was a preferred creditor, was a nullity, because taken before an officer who was disqualified to act. *Long* v. *Crews, supra*.

The case of *Wilson* v. *Traer & Co.*, 20 Ia. 231, is in all essential respects like the one now before us. That was an action of replevin to recover possession of a mare, and the case was submitted upon an agreed statement of facts. The agreed statement showed that the mare was mortgaged to the defendants by the owner, when in possession, to secure a *bona fide* debt, which was still unpaid; that said mortgage was acknowledged in due form before J. W. Traer, a notary public, who was a member of the firm of J. W. Traer & Co., who was interested, as such partner in the mortgage; that the mortgage was duly recorded; that after the mortgage was recorded, the mortgagor, for a valuable consideration, sold and delivered the mare to a third person, and he to a fourth, from whom the plaintiff purchased her in good faith, and for full consideration paid, without any actual notice of the mortgage. The defendants, under a power of sale contained in the mortgage, seized and took the mare from plaintiff for the purpose of foreclosing their mortgage, whereupon plaintiff brought his action.

The supreme court of Iowa, in deciding the case, said: "There is but one question for us to determine in this case, and that is, whether an acknowledgment of an instrument taken and certified by a person interested in it as grantee, is so far legal or valid as to make a record of such instrument notice of the right of the grantees therein.

"It might with some show of reason be claimed, that since the acknowledgment is regular in form, and

identity of the grantee with the officer taking it, being always a matter to be shown *aliunde*, or some times, as in this case, not being even indirectly indicated upon the instrument itself, the better rule would be, to hold the record as regular, and imparting notice and leave to third parties the right to avoid both the record and instrument, by showing fraud in fact, if any existed.

"But a more critical examination of the question will show that such a rule would leave a broad door open to the perpetration of frauds, and tend greatly to unsettle the verity of our public records and defeat the purpose of our registration laws. It is always within the power of parties to secure a disinterested officer to take the acknowledgment, and it is certainly no hardship to require them to do so. There is no reason why the fundamental rule, which prohibits a person from being a judge in his own case, or an executive officer in his own behalf, should not apply to this class of executive semi-judicial duties. To hold that a party beneficially interested in an instrument is capable of taking or certifying an acknowledgment of it cannot work any possible injury to any one, while it will keep closed a door of temptation, at least, to fraud and oppression. This question has undergone judicial investigation in other states, and we refer to some of the cases with the remark that we have found no conflict of authorities."

The court then reviews many authorities, most of which we have cited, and concludes as follows: "It is the interest directly or indirectly or contingent in the conveyance itself or its subject-matter which disqualifies from taking acknowledgment. * * * We conclude, therefore, that as the officer who took and certified the acknowledgment to the mortgage was a party to it, and had a direct interest in it, that such

Kothe *et al. v.* Krag-Reynolds Company.

acknowledgment was void, and did not authorize the record of the instrument and as a consequence, such record did not impart any notice to third persons of the mortgagee's right under it, but, as between the parties to it, the mortgage is in full force and of binding efficacy."

The case of *Hammers* v. *Dole, supra,* is identical to the one at bar, except that in that case one of the mortgagees was a firm, instead of a corporation, and a member of the firm, as a justice of the peace, took the acknowledgment of the chattel mortgage. Subsequent to the mortgage by Wheeler (since deceased) to Salzman & French, he made another mortgage to Dole, upon the same property. Both mortgages were recorded the same day. The notes secured by the first mortgage were assigned to appellants, and when they became due they took possession of the mortgaged property and advertised it for sale under the mortgage. The Dole notes were not then due, and they brought their bill in equity to enjoin the sale, alleging that the Salzman & French mortgage to be void and praying that they might be given a prior and first lien on the property. The court said: "The mortgage of appellants was void as to appellees. It was acknowledged before one of the mortgagees, who was a justice of the peace. This is against the policy of the law. An officer should not be permitted to perform either a ministerial or a judicial act in his own behalf. It would be an anomaly in our jurisprudence to permit a judge to render a judgment in his own favor. It might lead to grievous wrong. No officer should be subjected to such temptation. An acknowledgment of the execution of an instrument in writing, when required by law, should be made before an officer wholly disinterested. This court has decided that an officer

cannot execute process in his own favor. *Snydacker* v. *Brosse*, 51 Ill. 357. The reason for this prohibition will apply with equal force to the taking of an acknowledgment."

Herman on Chattel Mortgages, lays down the rule as elementary, that "The acknowledgment must be taken by some disinterested party; if taken by a party beneficially interested, it is void." Herman on Chat. Mortg., section 28. The same author (section 43) lays down the rule that an acknowledgment of a chattel mortgage taken and certified by a party beneficially interested in it is void, and does not authorize the record of the instrument. Jones on Chattel Mortgage says: "It being against the policy of the law that any officer should perform either a ministerial or judicial act in his own behalf," citing many authorities. Jones on Chat. Mort., section 249. Pingrey on Mort., section 216, says: "The general rule, irrespective of statutory provisions, is that an officer cannot take the acknowledgment of a conveyance to which he is a party, or in which he is directly or indirectly interested." As to the power of an officer of a corporation to take an acknowledgment of an instrument in which such corporation is a party, the case of *Horback* v. *Tyrrell, supra,* is very instructive, and in which it is held that on the grounds of public policy such an officer should be disqualified from taking an acknowledgment whose direct and beneficial interest would be subserved in having the conveyance made, which he acknowledged.

We might extend this opinion by citing and quoting from many other cases, announcing in principle, the same rules, but there seems to be no necessity for so doing.

A review of the authorities we have cited, and many others we have examined, must logically and clearly

lead to the conclusion that an officer of a corporation who is materially, directly, and beneficially interested in the execution of a mortgage or other instrument, which inures to the benefit of such corporation, and hence to his benefit, as in this instance, is incompetent to take and certify the acknowledgment thereof, and the recordation of it is not constructive notice to subsequent innoncent lien holders. The authorities so hold. It is in the interest of public policy and fair dealing, and such acts are prohibited by the express language of the statute.

That W. W. Krag, who took the acknowledgment of the mortgage to appellee, was an interested party, and that in taking such acknowledgment he was acting in the business of such corporation, seems to us not to be the subject of legitimate debate. He was secretary and director of appellee corporation, and was the owner and holder of one hundred shares of its capital stock. Whatever inured to the interest of the corporation, inured also to his interest, for he was a part of it. He had to bear his portion of the losses, if any, and was entitled to share in its profits. In the case of *Winsted Savings Bank* v. *Spencer,* 26 Conn. 195, the court said: "A stockholder in a private corporation is interested in all its transactions, and of course in every conveyance to or from it. As the assets of the corporation are increased or diminished, his stock, which is the representative of a portion of the assets, is of more or less value." See, also, *Farmers' Union Elevator Co.* v. *Syndicate Ins. Co.,* 40 Minn. 152, 41 N. W. 547; 1 Morawetz on Private Corp., section 237. At section 231, the last named author says, that in incorporated companies the real parties in interest are the individual stockholders.

In *Seaman* v. *Enterprise Fire Ins. Co.,* 18 Fed. 250, it was said: "It only remains, then, to determine

whether a stockholder in a corporation may have such an interest as I have indicated. [An insurable interest.] We are very clearly of the opinion that he may. It is true that the title to the property is in the corporation; that the beneficial interest is in the stockholders of the corporation. The stock of a corporation represents its property, and is evidence of the right of the stockholder to receive the profits and increase of the corporate property." *Horbach* v. *Tyrrell, supra,* is strongly in point here. In that case the secretary and treasurer of a corporation took the acknowledgment of a mortgage in favor of the corporation. It did not appear that he was a stockholder or interested in the corporation. There was no statute prohibiting him from acting, and after a full discussion of the question, showing that if he had been a stockholder, he would have been incompetent to act, the court concluded as follows: "We reach the conclusion that a notary public is not disqualified from taking an acknowledgment of a mortgage made to a corporation of which he is secretary and treasurer, it not appearing that he was a stockholder in such corporation, or otherwise beneficially interested in having the conveyance made." That a stockholder in a corporation is so interested as to render him incompetent to take an acknowledgment of a mortgage, etc., in favor of the corporation, we cite some recent additional cases: *Smith* v. *Clark, supra; Miles* v. *Kelley, supra; Florida Savings Bank* v. *Rivers, supra.*

The acknowledgment of the mortgage of the appellee, was not, under the statute and the authorities, entitled to be recorded, and hence its recordation was not notice to subsequent lien holders, without actual knowledge. Section 3352, Burns' R. S. 1894; *Allen* v. *City of Vincennes,* 25 Ind. 531; *State* v. *Dufour,* 63 Ind. 573; *Doe* v. *Naylor,* 2 Blackf. 32; *Bever* v. *North,*

107 Ind. 544; *Hughes* v. *Morris*, 110 Mo. 306, 19 S. W. 481; *Brinton* v. *Seevers*, 12 Ia. 389; *Meskimen* v. *Day*, 35 Kan. 46, 10 Pac. 14; *City Bank, etc.*, v. *Radtke*, *supra; Willard* v. *Cramer*, 36 Ia. 22.

It is unnecessary to cite additional authorities, or indulge in further discussion. From what we have said, and from the great weight of authorities, it necessarily follows that the court below erred in its conclusions of law. From the facts found, the appellee was not entitled to recover. The judgment is therefore reversed, with instructions to the trial court to restate its conclusions of law, and render judgment for the appellants, Kothe, Wells & Bauer, on their cross-complaint.